## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 94-CT-00196-SCT

*GERALDINE HURST, EXECUTRIX FOR THE
ESTATE OF JOSIE CONNERLY; GERALDINE
HURST AND KENNETH HURST*

*v.*

*SOUTHWEST MISSISSIPPI LEGAL SERVICES
CORPORATION AND HILDA BURNETT BAKER*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/93 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JERRY L. MILLS |
| ATTORNEY FOR APPELLEES: | TOMIE T. GREEN |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 3/19/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/16/98 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on petition for certiorari from the Mississippi Court of Appeals. We granted certiorari to address a question of broad public importance in regard to Mississippi's punitive damages statute. Our recent decision in ***American Funeral Assurance Co. v. Hubbs,* 700 So. 2d 283 (Miss. 1997),** determined that Miss. Code Ann. § 11-1-65 is not applicable to actions for tortious breach of contract, which is contrary to the decision of the Court of Appeals here. Because we find that the trial court abused its discretion when it originally sent the issue of punitive damages to the jury, however, the judgment denying punitive damages is affirmed.

### I.

¶2. In 1979, the heirs of Roy Ellzey brought suit against Josie Connerly and Geraldine and Kenneth Hurst to confirm title to the mineral rights in certain real property in Pike County, Mississippi. Southwest Mississippi Legal Services (Southwest) undertook the defense and assigned the case to attorney Hilda Burnett, now Hilda Burnett-Baker. Trial was set for June 27, 1980, after which the

court found in favor of the heirs of Ellzey. Burnett-Baker filed a notice of appeal and applied for several extensions of time. She never filed a brief, however, and this Court ultimately dismissed the appeal in 1981. Burnett-Baker did not inform the court that she was withdrawing from the case, although she claims to have expressly discussed the appeal's lack of merit with the Hursts and told them that she would not proceed. In 1986, Connerly and the Hursts filed suit against Southwest and Burnett-Baker, alleging legal malpractice and tortious breach of contract. The circuit court granted summary judgment in favor of Southwest and Burnett-Baker. On appeal, this Court reversed and remanded. *See Hurst v. Southwest Mississippi Legal Services Corp.,* 610 So. 2d 374 (Miss. 1992).

¶3. At the trial of the case following remand, the jury found in favor of Southwest and Burnett-Baker on the issue of legal malpractice in their defense of the Hursts in the Ellzey suit. On the issue of breach of contract, however, the jury found by a preponderance of the evidence that the defendants had breached their legal obligation to the Hursts by failing to file a brief or properly withdraw after appealing their case. The jury awarded $40.00 in compensatory damages and $75,000.00 in punitive damages. Southwest and Burnett-Baker moved for a judgment notwithstanding the verdict, which was granted by the circuit court as to punitive damages. The circuit court found that it had improperly permitted the issue of punitive damages to go to the jury on the common law preponderance standard because it had determined that Miss. Code Ann. § 11-1-65 was not applicable.[1] The court reversed itself, finding that "the applicable portions of Section 11-1-65 were in effect at the time of trial and that the burden was on the Plaintiffs to prove by clear and convincing evidence that the Defendants acted with actual malice, gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others, or committed actual fraud . . . ." The court found that the proof presented did not rise to the level of clear and convincing and that a judgment notwithstanding the verdict in favor of Southwest and Burnett-Baker was thus warranted.[2]

¶4. The Hursts appealed, and the case was assigned to the Mississippi Court of Appeals. By opinion dated October 1, 1996, that court affirmed, ruling that the circuit court correctly applied § 11-1-65 to the case. The Court of Appeals disregarded the exemption provision of § 11-1-65(2)(a), finding that the Hursts had alleged "the *tort* of bad faith, not a breach of contract *per se.*" (emphasis in original). The Hursts' petition for rehearing was denied by order entered December 17, 1996. We granted certiorari on the sole issue of whether Miss. Code Ann. § 11-1-65 is applicable to actions for tortious breach of contract.

## II.

¶5. Our task is simplified in light of our recent decision in *American Funeral Assurance Co. v. Hubbs,* 700 So. 2d 283 (Miss. 1997). In *American Funeral,* we held that the issue of punitive damages in suits for tortious breach of contract, breach of fiduciary duties and fraud are governed by the common law, not by the provisions of § 11-1-65(1). This is because § 11-1-65(2)(a) specifically exempts contract actions from the provisions of the statute.

¶6. As in *American Funeral,* the question of punitive damages in the present case arises in an action founded on a contract and it is therefore governed by the common law standards set by this Court. Those standards are as follows:

> Although punitive damages are not ordinarily recoverable in cases involving breach of contract, they are recoverable where the breach results from an intentional wrong, insult, or abuse as well

as from such gross negligence as constitutes an independent tort. In these instances, they act to punish, and are to set an example, thereby discouraging others from similar behavior. As such, punitive damages are allowed only with caution and within narrow limits.

*Id.* at 286 (quoting *Blue Cross & Blue Shield of Mississippi, Inc. v. Mass,* 516 So. 2d 495, 496-97 (Miss. 1987) (citations omitted)). Before punitive damages can be recovered from the defendant, the plaintiff must prove by a preponderance of the evidence that the defendant "acted with (1) malice, or (2) gross negligence or reckless disregard for the rights of others." *Universal Life Ins. Co. v. Veasley,* 610 So. 2d 290, 293 (Miss. 1992). The award of punitive damages, along with the amount of such, are within the discretion of the trier of fact. *See, e.g., Fought v. Morris,* 543 So. 2d 167, 173 (Miss. 1989). The trial court, in determining if the issue of punitive damages should be submitted to the jury, must "decide whether, under the totality of the circumstances and viewing the defendant's conduct in the aggregate, a reasonable, hypothetical trier of fact could have found either malice or gross neglect/reckless disregard." *Colonial Mortgage Co., Inc. v. Lee,* 525 So. 2d 804, 808 (Miss. 1988). *See also Ciba-Geigy,* 653 So. 2d at 863 (punitive damages are properly allowed where the tort complained of was malicious, wanton, wilful, or capricious).

¶7. In the present case, the trial judge originally submitted the issue of punitive damages to the jury based on his determination that a reasonable jury could find, by a preponderance of the evidence, that Burnett-Baker's failure to file a brief or properly withdraw constituted "[w]rongful conduct which was maliciously, willfully and intentionally committed; or [g]rossly negligent conduct, indicative of a wanton and willful disregard of the rights of others." The jury subsequently returned an award of punitive damages, which the judge set aside by a judgment notwithstanding the verdict for the stated but erroneous reason that a higher statutory standard of proof applied. Having determined that the higher standard does not apply it is now our task to determine whether the trial court abused its discretion when it originally submitted the issue to the jury under the common law preponderance standard.

¶8. After reviewing the record, we conclude that no reasonable factfinder could be convinced by a preponderance of the evidence that Burnett-Baker's conduct rose to a level beyond simple negligence. There is no evidence of malice or intentional disregard on Burnett-Baker's part. She testified that after she researched the merits of the appeal, she discussed the futility of the appeal with the Hursts and with Connerly before the appeal was dismissed, and told them that she would not proceed further.[(3)] Although the Hursts deny this, Burnett-Baker's testimony that they knew of her unwillingness to proceed is confirmed by a letter dated November 4, 1980, and signed by the Hursts and Connerly, in which they ask her to clarify her reasons for not proceeding. In testimony, Geraldine Hurst refused to admit or deny the meeting in question but acknowledged that she wrote, typed and signed the letter. Neither is there evidence that Burnett-Baker's failure to withdraw constituted an intentional wrong. From every indication, she acted in good faith in filing for extensions so that the Hursts would have time to find substitute counsel.

¶9. The only remaining question is whether Burnett-Baker's failure to promptly and properly withdraw from the case constituted gross negligence. Burnett-Baker admitted that her failure to withdraw was a mistake due to her inexperience. We conclude that her conduct was negligent. We cannot agree, however, that under the present circumstances Burnett-Baker's conduct rises to the level of an independent tort warranting punitive damages. The evidence strongly suggested that the

appeal was futile. In addition, the Hursts were aware that Burnett-Baker was not pursuing the appeal, and were free to seek the assistance of another attorney.

¶10. We hold that the trial court abused its discretion when it originally submitted the issue of punitive damages to the jury. The evidence in this case was insufficient to support, even by a preponderance, that Burnett-Baker's failure to file a brief or properly withdraw constituted wrongful conduct which was maliciously, willfully and intentionally committed, or grossly negligent conduct, indicative of a wanton and willful disregard of the rights of others.

### III.

¶11. For the foregoing reasons, the judgment of the Court of Appeals denying punitive damages is affirmed. We reiterate, however, that this judgment was arrived at under an improper rationale to the extent that it held § 11-1-65 to apply to suits for tortious breach of contract. We find no merit in the other issue raised by the petitioners.

¶12. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., ROBERTS, SMITH AND MILLS, JJ., CONCUR. PITTMAN, P.J., McRAE AND WALLER, JJ., NOT PARTICIPATING.**

1. Miss. Code Ann. § 11-1-65 (Supp. 1997) provides in pertinent part:

> (1) In any action in which punitive damages are sought:
>
> (a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.
>
> . . .
>
> (2) The provisions of Section 11-1-65 shall not apply to:
>
> (a) Contracts;
>
> (b) Libel and slander; or
>
> (c) Causes of action for persons and property arising out of asbestos.

2. The court also found that the punitive damage award was without basis because no showing was made of the defendants' financial condition and net worth pursuant to § 11-1-65(1)(e). The court recognized that this subsection was not in effect at the time of trial, but nevertheless considered a showing of the defendants' financial condition necessary to justify a significant punitive damage award. We note that this is an incorrect view under the common law. *See C & C Trucking Co. v.*

*Smith,* 612 So. 2d 1092, 1103 (Miss. 1992); *Ciba-Geigy Corp. v. Murphree,* 653 So. 2d 857, 862 (Miss. 1994).

3. There is no copy in the record of this Court's order dismissing the appeal. However, Burnett-Baker testified that she met with the Hursts and Connerly before the briefs in the appeal were due and told them that she would not proceed. Other references in the record state that the case was dismissed in 1981, and the appellants offer no evidence to dispute this date.