# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00952-SCT

*GREATER CANTON FORD MERCURY, INC.*

*v.*

*PEARL LEE LANE*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2007 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS A. WICKER |
| ATTORNEYS FOR APPELLEE: | J. PEYTON RANDOLPH, II |
| | BENJAMIN R. HENLEY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED IN PART; VACATED IN PART AND REMANDED **-** 10/16/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     In this default judgment case, we consider whether the trial court erred in denying Defendant Greater Canton Ford Mercury, Inc.'s Motion to Set Aside Default Judgment and whether the evidence supports the awarded actual, noneconomic, and punitive damages. While we find the trial court did not err in denying the Motion to Set Aside Default Judgment, the record does not contain evidence supporting the damages award. Therefore, we affirm the liability of Greater Canton but vacate the damages award and remand for a damages hearing on the record.

**FACTS AND PROCEEDINGS BELOW**

¶2.    On July 23, 2003, Pearl Lane filed a complaint against Greater Canton, alleging that Greater Canton had failed to honor an extended warranty that Lane had purchased with her 1997 Mercury Sable.  Lane specifically alleged that Greater Canton had refused to perform maintenance work on the Mercury Sable even though the extended warranty covered such repairs.  The extended warranty covered the Mercury Sable for twenty-four months or 24,000 miles, and the warranty cost $1,060.  Lane purchased the Mercury Sable and extended warranty on March 26, 2002.  Lane attached a copy of the contract, which covered the purchase of the Mercury Sable and the extended warranty, to her complaint.

¶3.    In her complaint, Lane asserted the following: breach of contract, fraud, bad faith, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of duty of good faith and fair dealing.  Lane also requested that the trial court award her punitive damages and damages for the following: damage to credit reputation, loss of transportation, severe emotional distress, breach-of-contract damages, breach-of-warranty damages, and loss of income.  Lane requested the court award her not less than five million dollars.

¶4.    Greater Canton was served through its registered agent, C.T. Corporation Systems, with summons and complaint on July 25, 2003.  The summons clearly instructed Greater Canton to respond to the complaint within thirty days from the date of delivery of the summons and complaint, or Lane would pursue a default judgment.  Greater Canton failed to answer within thirty days, and Lane filed an Application to Clerk for Entry of Default and

2

Supporting Affidavit on September 12, 2003. In the Supporting Affidavit, Lane's attorney requested a hearing to determine the amount of damages, since Lane sought unliquidated damages.

¶5.    The circuit clerk entered a Docket Entry of Default on September 12, 2003. Lane filed her Motion for Default Judgment and to Set Damages on August 26, 2005. In her Motion for Default Judgment, Lane reiterated that she sought unliquidated damages, which were to be determined at a hearing set for September 12, 2005, before Judge William E. Chapman, III.

¶6.    Judge Chapman granted default judgment on September 12, 2005. The default judgment contained the following language: "A hearing on damages was held on the 12 Day of September 2005. Evidence was received and testimony by the Plaintiff and her witness were had." Judge Chapman awarded Lane $15,000 in actual damages, $10,000 in non-economic damages, $135,000 in punitive damages, and $120 in costs, for a total of $160,120. No record was made of the hearing, and Judge Chapman did not provide any grounds for his decision to grant the default judgment.

¶7.    Greater Canton apparently first learned that a default judgment had been entered against it when Lane tried to substitute three of its officers and directors as defendants for satisfaction of the awarded damages.[1] On June 28, 2006, Greater Canton filed a Motion to

_____

[1]On May 24, 2006, Lane filed a Motion for Substitution of Parties and Petition for Declaratory Judgment against three of Greater Canton's directors and officers, Walker Family Ford-Mercury, Inc., and Watson Quality Ford, Inc. The trial court denied the substitution by order entered August 23, 2006. The issue of substitution of the parties is not before this Court.

Set Aside Default Judgment. In its motion, Greater Canton simply asserted that C.T. Corporation forwarded the summons and complaint to Alegnani & Company, P.C., in Dallas, Texas. According to Greater Canton, it was in liquidation in July 2003, and Alegnani was an accounting firm handling its business affairs. Alegnani then sent the summons and complaint to Greater Canton's insurer, Universal Underwriters. Greater Canton averred that either Universal did not receive the summons and complaint or its insurer misplaced it. Greater Canton stated that it never received the summons and complaint, so its failure to answer was "excusable neglect." Greater Canton contended that it had a "good and valid defense to the claims asserted . . . including the defenses of waiver, equitable estoppel, performance of the contract and warranties, tender of performance of the contract and warranties, and failure of the Plaintiff to afford the Defendant reasonable opportunity to cure any alleged breach of warranty." Greater Canton also averred that the punitive damages awarded to Lane violated the due process provisions of the United States and Mississippi Constitutions, while all the awarded damages were unreasonable and unsupported by the evidence.

¶8. On August 7, 2006, Lane filed her Response to Defendant's Motion to Set Aside Default Judgment. In her Response, Lane analyzed whether the trial court should set aside the default judgment under applicable Mississippi law. With her response, Lane also submitted a personal affidavit and an affidavit by her attorney. The affidavits detailed the prejudice Lane would suffer if the default judgment was set aside. In his affidavit, Lane's attorney listed various witnesses whom he could not locate or who had died. Both Lane and

4

her attorney swore that other (unnamed witnesses) could not remember events, and Lane asserted that she could no longer remember details and events. Additionally, Lane and her attorney stated that evidence was no longer available, but they did not specify what type of evidence was available.

¶9. On January 23, 2007, counsel for Lane filed a Notice of Motion Hearing, which set the hearing date for the Motion to Set Aside Default Judgment as March 26, 2007. No record was made of this hearing.

¶10. On March 26, 2007, Greater Canton filed a Supplemental Motion to Set Aside Default Judgment. Attached to the supplemental motion were two exhibits. The first exhibit was Greater Canton's Answer and Defenses, and the second exhibit was an affidavit by Wanda Patrick, a former office manager of Greater Canton. In its Answer and Defenses, Greater Canton admitted that it had sold an extended warranty covering the 1997 Mercury Sable to Lane. Greater Canton also admitted that Lane had attached a true and correct copy of the Finance Agreement to the Complaint. Wanda Patrick stated that she was "the office manager of Greater Canton Ford Mercury, Inc., and . . . familiar with the business records kept and maintained by said corporation." Patrick contended that Lane had cancelled the extended warranty and had been awarded a full refund prior to any requested repairs. Patrick's statements were made in reliance upon an attached cancellation worksheet.

¶11. On May 14, 2007, the circuit clerk filed an order in which Judge Chapman simply denied Greater Canton's Motion to Set Aside Default Judgment. In his order, Judge Chapman stated he reached his conclusion after "receiving evidence and argument of

5

counsel" but he did not provide any grounds for his decision. Greater Canton timely filed a notice of appeal on May 23, 2007.

## DISCUSSION

## I. WHETHER THE DEFAULT JUDGMENT SHOULD BE SET ASIDE.

¶12.	When this Court reviews a denial of a motion to set aside a default judgment, it applies an abuse-of-discretion standard. *McCain v. Dauzat*, 791 So. 2d 839, 842 (Miss. 2001). Under the abuse-of-discretion standard, this Court first determines whether the trial court "applied the correct legal standard." *Burkett v. Burkett*, 537 So. 2d 443, 446 (Miss. 1989). The Court then "consider[s] whether the decision was one of those several reasonable ones which could have been made." *Id.* Accordingly, "the trial court's exercise of its discretion may be disturbed only where it has been abused." *Guar. Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 388 (Miss. 1987).

¶13.	Pursuant to Rule 55(b) of the Mississippi Rules of Civil Procedure, a litigant may pursue a default judgment for a party's failure to timely answer a complaint. Miss. R. Civ. P. 55(b). Once a default judgment has been entered, the defaulting party may move the court to set aside the default judgment pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure. Miss. R. Civ. P. 55(c) (directing the non-defaulting party to proceed under Rule 55(c) to set aside entry of default and under Rule 60(b) to set aside a default judgment). Rule 60(b) contains the following language:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

6

(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.

Miss. R. Civ. P. 60(b). If the basis of a motion to set aside default judgment is Rule 60(b)(1)-(3), the trial court has no discretion to grant the motion if it is made more than six months after the final judgment. *Burkett*, 537 So. 2d at 445. Relief from a default judgment may be granted pursuant to Rule 60(b)(6) in "'exceptional and compelling circumstances . . . when relief is not warranted by the preceding clauses, or when it is *uncertain* that one or more of the preceding clauses afford relief.'" *Bryant, Inc. v. Walters*, 493 So. 2d 933, 939 (Miss. 1986) (quoting Moore's Federal Practice, Vol. 1, § 60-295).

¶14. The Mississippi Supreme Court has held that the trial court must consider the following three-pronged balancing test when considering a Rule 60(b) motion:

(1) [t]he nature and legitimacy of the defendant's reasons for his default, i.e., whether the defendant has good cause for default;
(2) whether the defendant in fact has a colorable defense to the merits of the claim, and
(3) the nature and extent of prejudice which may be suffered by the plaintiff if the default is set aside.

*Chassaniol v. Bank of Kilmichael*, 626 So. 2d 127, 134 (Miss. 1993) (citations omitted).

7

¶15.   Greater Canton's Motion to Set Aside Default Judgment failed to recite which clause of Rule 60(b) it proceeded under, and the default judgment does not indicate the clause under which the court denied relief.  Likewise, no record exists of the hearing on the Motion to Set Aside Default Judgment.  When the record is devoid of "what ground the decision of the lower court was made, the duty of [this Court] is to sustain the judgment or decree if there was any ground disclosed by the record upon which the decision could properly have been reached." *Winfield v. Winfield*, 203 Miss. 391, 395; 35 So. 2d 443, 443 (1948).

¶16.   Greater Canton argues that its Motion to Set Aside Default Judgment was made pursuant to Rule 60(b)(6).

¶17.   In its Motion to Set Aside Default Judgment, Greater Canton asserted that it had a "good and valid defense" and listed several defenses.  Greater Canton's assertion of a defense could fall within the language "any other reason justifying relief" of Rule 60(b)(6) of the Mississippi Rules of Civil Procedure.  Because the trial court may have denied the Motion to Set Aside Default Judgment pursuant to Rule 60(b)(6), this Court proceeds to evaluate the evidence or lack of evidence under the three-pronged balancing test.  This Court is mindful of the fact that there are no specific findings of fact, so "this Court must look to the evidence and see what state of facts will justify the decree." *Century 21 Deep S. Props., Ltd. v. Corson*, 612 So. 2d 359, 367 (Miss. 1992) (citations omitted).

¶18.   Under the first prong, Greater Canton must show it had good cause for the default. Greater Canton admits that it was properly served and the delay was lengthy.  Greater Canton argues that its failure to answer the complaint should be excused since it was no longer an

8

active business when it was served with process. Greater Canton also argues that the record does not support the amount of damages awarded, but this contention has nothing do with whether or not it had good cause in failing to answer the complaint.

¶19.    Conversely, Lane argues that Greater Canton cannot rely upon its confusion as good cause for failure to timely respond to the complaint. Greater Canton does not rely upon its confusion but the confusion of others–C.T. Corporation, Alegnani, and Universal–in trying to establish good cause. Lane also argues that she properly served Greater Canton's authorized agent, C.T. Corporation. Lane asserts that C.T. Corporation, Alegnani, and Universal were entities with such close ties to Greater Canton that they should have answered on behalf of Greater Canton. Additionally, Lane argues that Greater Canton had ample time in which to learn of the summons and complaint and to file an answer.

¶20.    The trial court had before it undisputed evidence that Greater Canton's registered agent accepted service of process. While the registered agent failed to give the summons and complaint to an officer or director, it did forward it to Alegnani, an accounting firm designated to handle Greater Canton's business affairs. Alegnani then forwarded the complaint to Greater Canton's insurer. Furthermore, all parties who saw the summons and complaint could clearly read that an answer was due within thirty days from the date of acceptance of service of process. After reviewing the evidence, we find that Greater Canton failed to put forth evidence of good cause; therefore, the trial court did not abuse its discretion as to prong one.

9

¶21.    Under the second prong, this Court considers whether Greater Canton demonstrated a colorable defense.  This Court has stated that the second prong generally outweighs the other two  prongs in importance.  *Allstate Ins. Co. v. Green*, 794 So. 2d 170, 174 (Miss. 2001) (citing *Bailey v. Georgia Cotton Goods, Co.*, 543 So. 2d 180, 182 (Miss. 1989)).  In order to show a colorable defense, a party "must show facts, not conclusions, and must do so by affidavit or other sworn form of evidence."  *Rush v. N. Am. Van Lines, Inc.*, 608 So. 2d 1205, 1210 (Miss. 1992).  In order to show that it has a colorable defense, Greater Canton must show that it has a defense on the merits.  See *Bailey*, 543 So. 2d at 182.

¶22.    Greater Canton argues that it submitted an affidavit by Wanda Patrick, a former business manager, and a supporting document that established Lane had cancelled the warranty before any repairs were made.[2]  Alternatively, Lane claims that Greater Canton put forth unsubstantiated allegations and a general denial.

¶23.    Greater Canton failed to attach an affidavit to its Motion to Set Aside Default Judgment.  Greater Canton finally submitted an affidavit on March 26, 2007, almost one year after it filed its Motion to Set Aside Default Judgment.[3]  Assuming *arguendo* the trial court even considered the untimely affidavit, the affidavit still fails to support a colorable defense.

---

[2]Greater Canton discusses *Allstate Insurance Co. v. Green*, 794 So. 2d 170 (2001), as a case supporting its colorable-defense argument.  *Allstate* is not an analogous case, since it involves setting aside an entry of default, not a default judgment.  *See Id.* at 178 (Waller, J., concurring). While the Court attempted to analyze the entry of default as a default judgment, it did not evaluate or discuss prong three, prejudice to the non-defaulting party.  *Id.* at 174-76.

[3]March 26, 2007, was also the date of the hearing for the Motion to Set Aside Default Judgment.

¶24. Wanda Patrick's affidavit completely relied upon and incorporated an attached cancellation worksheet for the defense that Lane had cancelled the warranty prior to any repairs. The affidavit does not present a meritorious defense since the cancellation worksheet is inadmissible hearsay pursuant to Mississippi Rule of Evidence 802. Patrick failed to qualify the cancellation worksheet as an exception to the hearsay rule pursuant to Mississippi Rule of Evidence 803(6), Records of Regularly Conducted Activity, or authenticate the worksheet pursuant to Mississippi Rule of Evidence 902. Patrick stated only that she was "familiar with the business records kept and maintained" by Greater Canton. She never qualified the cancellation worksheet as "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of [Greater Canton] to make the . . . record." *See* Miss. R. Evid. 803(6).

¶25. In viewing the evidence before the trial court, we find the trial court did not abuse its discretion under prong two. The only sworn testimony offered by Greater Canton relied completely upon inadmissable hearsay. Because Greater Canton failed to assert a meritorious defense, we find the trial court did not abuse its discretion as to prong three.

¶26. Under the third prong, this Court considers whether Lane would be prejudiced if the default judgment was set aside. Before the trial court, Greater Canton failed to present any evidence or argument that Lane would not suffer prejudice if the default judgment was set aside. Because this Court reviews the evidence before the trial court to determine an abuse of discretion, Greater Canton's arguments on appeal will not be considered on this point. *Cf.*

11

*Miss. Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 940 (Miss. 2003) ("[W]here a party fails to raise an issue before the trial court, [this Court is] procedurally barred from considering that issue.").

¶27. While Greater Canton failed to address prong three before the trial court, Lane argued that prejudice would result if the Motion to Set Aside Default Judgment was granted. Lane argued three points relating to prejudice: (1) diminished memories, (2) unavailable witnesses, and (3) unavailability of evidence.

¶28. After evaluating the evidence of prong three, we find that Lane put forth sufficient evidence of prejudice. Notably, the record is devoid of any argument by Greater Canton that Lane would not be prejudiced if the default judgment was set aside. On the other hand, Lane offered specific names of witnesses who could not be located, who had died, and who had moved out of the state. In viewing all the evidence, this Court finds the trial court did not abuse its discretion as to prong three.

¶29. After reviewing the evidence before the trial court, all three prongs of the balancing test favor Lane. This Court finds the trial court properly balanced the equities and did not abuse its discretion in denying the Motion to Set Aside Default Judgment.

## II. WHETHER THE DAMAGES ARE SUPPORTED BY EVIDENCE IN THE RECORD.

¶30. The assessment of damages is a finding of fact, and the appellate court reviews an award of damages under the clearly erroneous standard. *Texaco, Inc. v. Addison*, 613 So. 2d 1193, 1202 (Miss. 1993). This Court has stated that "[d]amage awards are only

12

overturned when the trial judge has abused his discretion or 'in exceptional cases where such awards are so gross as to be contrary to right reason.'" *Id.* (quoting *Johnson v. Offshore Express, Inc.*, 845 F. 2d 1347, 1356). The appellate court must review the damages award by looking to the "facts of each case." *Id.* (citations omitted).

¶31. Pursuant to Rule 55(b) of the Mississippi Rules of Civil Procedure, the trial court may hold a hearing "to determine the amount of damages" to award in a default judgment. Miss. R. Civ. P. 55(b). If the damages are unliquidated, the court must hold a hearing on the record. *Capital One Servs., Inc. v. Rawls,* 904 So. 2d 1010, 1018 (Miss. 2004) (holding the trial court must conduct an on-the-record hearing regarding unliquidated damages where the trial court failed to hold any hearing on damages); *Journey v. Long*, 585 So. 2d 1268, 1272 (Miss. 1991) (holding the trial court must conduct a hearing on the record where the trial court held a hearing that was not on the record). This Court has previously warned plaintiffs in default-judgment cases "that damages awards *must* be supported by evidence, and such evidence *must* be reflected in the record if it is to be affirmed on appeal." *Rich ex rel. Brown v. Nevels*, 578 So. 2d 609, 617 (Miss. 1991) (holding the trial court must conduct a hearing on the record where the trial court held a hearing that was not on the record). In the context of default-judgment cases, this Court has held that the record must also "reflect how [the] damages are calculated." *Bailey v. Beard*, 813 So. 2d 682, 686-87 (Miss. 2002) (remanding for a "proper damages hearing" so the record would reflect how the trial court calculated actual and punitive damages).

13

¶32. Greater Canton argues the record contains no evidentiary support for the actual, non-economic, and punitive damages the trial court awarded to Lane. Greater Canton contends the trial court should have conducted a hearing on the record to determine the amount of unliquidated damages.

¶33. Conversely, Lane argues the averments and supporting facts contained in her complaint entitle her to the awarded damages. In support of her argument, Lane states that Greater Canton is barred from contesting the facts on appeal. While Greater Canton cannot dispute the factual allegations of the complaint, it may contest those facts relating to the amount of damages. *Journey v. Long*, 585 So. 2d 1268, 1272 (Miss. 1991).

¶34. Lane also argues that Greater Canton failed to show the trial court that she was not entitled to the awarded damages. The Court does not find merit in Lane's argument, since Greater Canton was not present at the damages hearing to submit evidence of damages. Furthermore, the burden of proof was upon Lane to show the trial court she was entitled to a certain amount of damages.

¶35. Lane notified the court that she sought unliquidated damages in her Application to Clerk for Entry of Default and Supporting Affidavit and in her Motion for Default Judgment and to Set Damages. The language in the default judgment verifies that a hearing was, in fact, held to determine the amount of unliquidated damages. However, no record exists of the hearing, and the default judgment is devoid of any explanation concerning the damages.

¶36. The cost of the extended warranty, $1,060, is the only evidence of damages reflected in the record before this Court. The trial court awarded Lane $15,000 in actual damages,

14

$10,000 in non-economic damages, $135,000 in punitive damages, and $120 in costs, for a total of $160,120. Because this Court has no evidence before it to judge whether the awarded damages are reasonable and supported by the evidence, we vacate the judgment as to damages and remand for a damages hearing on the record.

## III. WHETHER THE AMOUNT OF PUNITIVE DAMAGES WAS EXCESSIVE.

¶37. The Court cannot determine whether the amount of punitive damages was excessive, since the record is devoid of evidentiary support for any of the awarded damages. The Court need not address this issue, since it vacates the judgment as to damages and remands for a damages hearing on the record.

## CONCLUSION

¶38. We find the trial court did not abuse its discretion in denying the Motion to Set Aside Default Judgment. While the Court affirms the determination of liability, it vacates the damages award and remands for a damages hearing on the record. Greater Canton is taxed with the costs of appeal.

¶39. **AFFIRMED IN PART; VACATED IN PART AND REMANDED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DICKINSON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.**

**DICKINSON, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

15

¶40.    While I fully agree with the majority opinion on all substantive issues related to the default judgment and the trial court's award of damages, I cannot agree that all costs of the appeal should be taxed to Greater Canton.  Both parties succeeded here – Lane on the default-judgment issue, and the Greater Canton on having the award of damages vacated.  Since both parties prevailed on important issues, the costs of appeal should be borne equally by the parties, unless there exists some compelling reason to do otherwise.  The majority offers no justification or reason for taxing all the costs to only one of the prevailing parties here.  I therefore concur in part and dissent in part.