PIERCE, Justice,
Concurring in Part and Dissenting in Part:
¶ 55. The plurality’s opinion in this case is shocking. Although Flagstar’s general counsel committed a monumental error that in baseball terms can be compared to Bill Buckner’s 1986 game-six World Series error, I cannot justify upholding a $500,000 default judgment when there is absolutely no basis in the law for doing so.
¶ 56. I fully concur with the plurality that Flagstar was properly served under the specific facts of this case. But I cannot concur with the plurality’s analysis and disposition regarding Issue II. Because this Court consistently has found the “col-orable-defense” prong of the three-part *313 Rogillio test to be the most important,[15]1 believe the default judgment against Flagstar should be set aside. Accordingly, I dissent in part.
I.
¶ 57. I do not think the plurality or the trial courts struck the Rogillio equilibrium correctly, because each gave insufficient consideration to the weightiest element, Flagstar’s “colorable defenses.” When the Rogillio balance is properly struck, the evidence before the trial court and this Court shows that the default judgment entered against Flagstar should have been set aside. Again, because the “colorable-defense” prong is the most important element of the Rogillio test, Flagstar’s defenses likely would have required the trial court to set aside the default judgment. But nowhere in the trial court’s order denying Flagstar’s motion to set aside the default judgment are these defenses mentioned. And since the trial court failed to have an on-the-record hearing, we are left without a transcript of the hearing on the motion to set aside. Thus, we cannot assume that the trial court considered these defenses at all.
¶ 58. Nevertheless, the plurality goes forward, as it should, with its own application of the three-prong standard. I agree with the plurality’s analysis regarding the “good-cause” prong of the balancing test. But I believe the plurality’s opinion incorrectly shifts the appropriate weight afforded by this Court away from the “colorable-defense” prong and thus takes the Court in a different direction. The facts of this case do not warrant such a shift in the law.

Flagstar’s Colorable Defenses

¶ 59. The plurality’s opinion mentions additional colorable defenses presented by Flagstar that were not considered by the trial court and that establish a strong defense to the Danoses’ claims. First, the plurality notes that Flagstar could not be held liable, as a matter of law, for the injuries complained of by the Danoses. The plurality recognizes that:
To be liable for the acts of a disclosed principal, the agent must have acted outside the scope of his agency and would incur no individual liability absent fraud or other equivalent conduct. Rosson v. McFarland, 962 So.2d 1279, 1288 (Miss.2007). See also Harrison v. Chandler-Sampson, Co., Inc., 891 So.2d 224, 227-31 (Miss.2005). However, the trial court granted summary judgment to Shirley, finding that no genuine issues of material fact existed as to his liability.[16] Thus, Flagstar’s agent, who provided the sole basis for its alleged vicarious liability, was dismissed from the case. Since there is a valid argument that no agency relationship existed between Flagstar and the other defendants in the case that would have served as the basis for vicarious liability otherwise, this certainly could be deemed to be a “colorable defense” to the Danoses’ claims against Flagstar.
Plur. Op. at ¶ 34.
¶ 60. Yet despite finding that Flagstar could not have been held liable to the Danoses, the plurality goes on to state “this [colorable-defense] prong would appear to weigh in favor of Flagstar.” Plur. *314 Op. at ¶ 34 (emphasis added). The plurality’s conclusion on this issue does not afford the “colorable-defense” prong its appropriate weight. I believe it to be clear that, because Shirley was granted summary judgment, Flagstar could not have been held vicariously liable to the Danoses and that such a finding weighs heavily in favor of Flagstar.
¶ 61. Additionally, Flagstar argued in its motion to set aside the default judgment that it did not hold the mortgage on the home when the allegedly fraudulent acts leading to the lawsuit occurred. As the plurality notes, if this fact is true, then Flagstar cannot be liable to the Danoses under the note. Beyond question, this would be a “colorable defense” to the Da-noses’ claim, and should have been considered by the trial court as well.
¶ 62. Thus, this prong of the three-part test substantially outweighs the other two.

Prejudice to the Danoses

¶ 63. It is well-established that the “col-orable-defense” prong “is a factor which often should be sufficient to justify vacation of a judgment entered by default.” Guar. Nat’l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss.1987).[17] But the plurality’s opinion seems to turn on whether the Da-noses would suffer prejudice if the default were set aside. In weighing “prejudice,” the plurality notes that “[although the trial court did not specifically discuss the ‘prejudice’ prong in its order, the Danoses did present facts in their response to Flagstar’s motion to set aside indicating that they would suffer prejudice if the default judgment were set aside.” Plur. Op. at ¶ 36. The Danoses further argued that they agreed not to oppose or appeal Shirley’s and Amerigo’s summary judgment motions, only in exchange for Shirley’s and Amerigo’s testimony at trial that Shirley had acted as an agent for Flagstar. The plurality finds these arguments outweigh the “most important” factor of the three-part standard, the “colorable-de-fense” prong. I cannot join such a finding.
¶ 64. The arguments asserted by the Danoses are spurious, and clearly lack enough merit to outweigh Flagstar’s color-able defenses. Rather, the Danoses should bear the consequences for allowing Shirley and Amerigo out of the case, because they should have known that letting Shirley out of the case would simultaneously let Flagstar out as well.
¶ 65. Because Flagstar had no liability to the Danoses under the law and presented such to the trial court, I would find that the trial court abused its discretion in not setting aside the default judgment. Accordingly, I would reverse and render as to Issue II.
II.
¶ 66. Alternatively, and in light of the plurality’s decision to uphold the default judgment, I would note that the trial court’s judgment and damage award of $500,000 is not supported by the evidence and amounts to plain error. And because the damage award in this case is so grossly disproportionate as to be contrary to common logic, it should be overturned. See Greater Canton Ford Mercury, Inc. v. Lane, 997 So.2d 198, 206 (Miss.2008), reh’g denied Jan. 8, 2009. (“This Court has stated that ‘damage awards are only overturned when the trial judge has abused his discretion or in exceptional cases where such awards are so gross as to be contrary to right reason.’ ”)
*315 ¶ 67. This Court has held that “damages awards must be supported by evidence, and such evidence must be reflected in the record if it is to be affirmed on appeal.” Rich by and through Brown v. Nevels, 578 So.2d 609, 617 (Miss.1991). Further, the record on appeal should reflect how the trial court calculated damages. Lane, 997 So.2d at 206.
¶ 68. The record before this Court reveals that neither the complaint nor the exhibits submitted at the September 29, 2006, hearing provided a factual basis for the amount awarded by the trial court.[18] The trial court clearly abused its discretion by holding Flagstar and Michael Burks responsible, jointly and severally, for a $500,000 judgment when no such amount had been substantiated by the evidence, nor were the damages properly apportioned among the defendants. Before, we have not hesitated to vacate a judgment where the record is devoid of a factual basis for the amount of damages. See Lane, 997 So.2d at 206; Nevels, 578 So.2d at 617.
¶ 69. Although I would set aside the default judgment as mentioned above, I would note that the plurality, in upholding the default judgment, in essence has blindly permitted an award which is virtually devoid of substantiation. See Nevels, 578 So.2d at 617. Further, the trial court found Flagstar and Michael Burks jointly and severally liable to the Danoses, yet failed to assign a percentage of fault to either defendant. The statute applicable at the time of the suit required that the trial court apportion fault between the two defendants. See Miss.Code Ann. 85-5-7 (Rev.1999).[19] Since the trial court failed properly to apportion fault between Flags-tar and Michael Burks, the plurality should, at least, remand for a proper determination on the issue of damages.
WALLER, C.J., JOINS THIS OPINION.

. See American States Ins. Co. v. Rogillio, 10 So.3d 463, 470 (Miss.2009); Greater Canton Ford Mercury, Inc. v. Lane, 997 So.2d 198, 204 (Miss.2008); Capital One Services, Inc. v. Rawls, 904 So.2d 1010, 1016 (Miss.2004); Stanford v. Parker, 822 So.2d 886, 889 (Miss.2002); Allstate Ins. Co. v. Green, 794 So.2d 170, 174 (Miss.2001); Bailey v. Ga. Cotton Goods, 543 So.2d 180, 182 (Miss.1989).

. The order granting summary judgment to Shirley was included as an exhibit in Flags-tar’s motion to set aside the default judgment.

. See also Bryant, Inc. v. Walters, 493 So.2d 933, 937 (Miss.1986); Int'l Paper Co. v. Basila, 460 So.2d 1202, 1204 (Miss.1984).

. The Complaint submitted by the Danoses requested "the Court enter judgement [sic] for the plaintiffs and against the defendants for actual and punitive damages in an amount to be determined by a jury at the trial of this cause and for any and such other and further relief as the Court deems appropriate.” The evidence submitted at the hearing on damages consisted of: prescription drug receipts, a deed of trust, the real estate contract, the seller’s disclosure statement, pictures of the damage, medical bills, testimony from the Da-noses and two credit reports. Virtually none of the evidence presented at the damages hearing was connected to Flagstar.

. The pertinent language of Mississippi Code Section 85-5-7 read as follows:
Except as may be otherwise provided in subsections (6) and (8) of this section, in any civil action based on fault, the liability for damages caused by two (2) or more persons shall be joint and several only to the extent necessary for the person suffering injury, death or loss to recover fifty percent (50%) of his recoverable .damages.
Miss.Code Ann. § 85-5-7(2) (Rev.1999).