# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-01050-SCT

*CAPITAL ONE SERVICES, INC.,*
*A DELAWARE CORPORATION*

*v.*

*C. J. RAWLS AND LULA RAWLS*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2003 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BILLY BERRYHILL |
| | W. WAYNE DRINKWATER, JR. |
| | LAWRENCE ELDER HAHN |
| ATTORNEYS FOR APPELLEES: | THOMAS M. MATTHEWS, III |
| | WILLIAM L. DUCKER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED IN PART AND VACATED AND REMANDED IN PART -12/02/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

CARLSON, JUSTICE, FOR THE COURT:

¶1.     Capital One Services, Inc. appeals from the trial judge's refusal to set aside a $63,071.00 default judgment entered against it in the Circuit Court of Lamar County. C. J. Rawls and Lula Rawls (hereinafter "plaintiffs"), have filed a cross-appeal, asserting that the circuit court lacked jurisdiction when it amended the default judgment from $693,071 to $63,071. We affirm the trial court's refusal to aside the default judgment as to liability, but vacate the judgment and remand this case to the circuit court for an evidentiary hearing and the entry of a new judgment consistent with the evidence received at that hearing.

## FACTS AND PROCEDURAL HISTORY

¶2.    On April 14, 2001, Capital One Services (hereinafter "COS") received a signed acceptance certificate for a pre-approved MasterCard purportedly from C.J. Rawls.  The credit card was sent to and received by the plaintiffs with a sticker advising them how to activate the card.   The plaintiffs never called to activate the card but an annual fee was charged to the account.   C.J. and his wife, Lula, learned of the charges in June 2001.  They then requested that COS cancel the account and charge off the balance.    On September 18, 2001, COS sent the plaintiffs a letter confirming that the balance had been cancelled, that the account had been closed, and that the credit reporting agencies had been directed to remove any derogatory information regarding the account.

¶3.    In May of 2002, with the derogatory information still listed on their credit report, the plaintiffs hired counsel. The plaintiffs had by then built a house and their mortgage application had been denied.[1] Counsel sent a letter to COS demanding that all derogatory information be removed from their credit report.   On November 12, 2002, with COS having not complied with the demand letter, the plaintiffs filed a complaint in the Circuit Court of Lamar County.

¶4.    The plaintiffs served COS both by mail and personal service. COS acknowledged receipt of process on November 18, 2002.[2]   On December 23, 2002, the circuit clerk's default was entered pursuant to Miss. R. Civ. P. 55(a). The plaintiffs then applied for a judgment by default

---

[1]They eventually obtained a mortgage but, as a result of a poor credit rating, at a higher interest rate.

[2]Service was effected on COS's registered agent, Beverley L. Crump, an attorney in Virginia.

and requested a writ of inquiry to assess their damages.[3] The record does not reflect that a hearing was ever conducted on the issue of damages. On January 10, 2003, the circuit court entered a Final Judgment in the amount of $63,071 in actual damages and $630,000 in punitive damages. On January 22, 2003, counsel for COS filed an entry of appearance.

¶5.     On February 10, 2003, the plaintiffs filed a Suggestion of Writ of Garnishment, and a writ of garnishment was issued for service shortly thereafter. In the writ, COS was listed as the defendant and Capital One Bank (hereinafter "COB") was listed as the garnishee defendant.[4]

¶6.     On February 13, 2003, COS filed a Motion to Set Aside Default Judgment in accordance with Miss. R. Civ. P. 55(c) and 60(b). This was COS's first response to the underlying claim. In this motion, COS claimed to have a meritorious defense. COS argued that the plaintiffs made several misrepresentations and that it was not the proper party defendant. Attached to the motion was an affidavit from the Executive Response Specialist (hereinafter "specialist") for COS. The specialist declared that the card was issued pursuant to a response to an offer for a pre-approved MasterCard; that on August 16, 2001, the outstanding balance was charged off; and, that on September 18, 2001, COS sent the plaintiffs a letter confirming that the account had been closed and that it had directed the credit reporting agencies to remove any derogatory information that may have resulted.

---

[3]The Mississippi Rules of Civil Procedure abolished writs as a method of obtaining relief, and relief previously obtainable via writs is for the most part now obtainable through motions. In *Dungan v. Dick Moore, Inc.*, 463 So.2d 1094, 1097-98 (Miss. 1985), we held that damages previously assessed pursuant to writs of inquiry, would now be assessed via a motion and subsequent hearing to assess damages.

[4]Service was effected on counsel for COS on the same day.

3

¶7.    On March 10, 2003, the trial court heard arguments regarding COS's motion to set aside the default judgment. At that time, COS declined to offer any witnesses or documentary evidence and instead chose to stand on the sworn affidavit of the specialist.   The trial court informed COS that it was prepared to conduct a full hearing and consider any testimony in support of its motion, especially regarding any existing good cause for not answering the complaint, potential meritorious defenses, or any proof that the plaintiffs would not be prejudiced if the default judgment were set aside.[5]   On March 11, 2003, the trial court denied COS's motion.

¶8.    On March 14, 2003, COB removed the case to the United States District Court for the Southern District of Mississippi. On March 20, 2003, new counsel for COS filed an entry of appearance in the circuit court.   Pursuant to Miss. R. Civ. P. 59(e), new counsel also filed a Motion to Alter and Amend the Judgment, or, in the Alternative, to Reconsider the Motion to Set Aside the Default Judgment. On April 29, 2003, all parties entered into an agreed stipulation dismissing the federal court proceedings, without prejudice.

¶9.    On April 30, 2003, the circuit court granted in part and denied in part COS's motion to alter or reconsider. The trial court set aside the award of punitive damages based on the United States Supreme Court's decision in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); however, the trial court left undisturbed the judgment for actual damages.

---

[5]In a subsequent order entered April 30, 2003, the trial court emphasized that COS did not challenge the damages nor demand regarding the plaintiffs' claim for actual or punitive damages.

4

¶10.    Before this Court are the appeal and cross-appeal from the trial court's March 11, 2003, and April 30, 2003, orders. COS raises issues regarding the default judgment, especially damages awarded, and the denial of the motion to set aside the default judgment.

¶11.    The plaintiffs' cross-appeal raises the issue concerning the April 30, 2003 Amended Opinion in which the trial court set aside the punitive damage award. Further, the plaintiffs argue that the trial court and this Court lack jurisdiction to review the punitive damage award.

## ANALYSIS

¶12.    At the outset, the Court notes that save the failure to hold a hearing regarding damages, the entry of the clerk's default and the default judgment was in accordance with the procedural dictates of Miss. R. Civ. P. 55(a) and (b), respectively. COS was likewise properly served with process. COS filed a motion to set aside the judgment in accordance with Miss. R. Civ. P. 60(b). There are no issues raised regarding the clerk's entry of default pursuant to Miss. R. Civ. P. 55(a).

### I.    Refusal to Set Aside Default Judgment.

¶13.    There is a three-prong balancing test for trial courts to consider in determining whether to set aside a default judgement pursuant to Miss. R. Civ. P. 60(b).[6] *Stanford v. Parker*, 822

---

[6]Miss. R. Civ. P. 60, provides in part:

(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) fraud, misrepresentation, or other misconduct of an adverse party;
    (2) accident or mistake;
    (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

So.2d 886, 887-88 (Miss. 2002) (citing *McCain v. Dauzat*, 791 So.2d 839, 842 (Miss. 2001)).  The court must consider: (1) the nature and legitimacy of the defendant's reasons for default; (2) whether the defendant has a colorable defense to the merits of the claim; and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the judgment is set aside. *Id.* at 843.

¶14.    Where there is reasonable doubt as to whether the default judgment should be set aside, the doubt falls in favor of allowing the case to go forward for a decision on the merits. *McCain v. Dauzat*, 791 So.2d at 843. "Where the defendant has shown that he has a meritorious defense," we have encouraged trial courts to vacate default judgments. *Allstate Ins. Co. v. Green*, 794 So.2d 170, 174 (Miss. 2001) (quoting *Bailey v. Ga. Cotton Goods Co.*, 543 So.2d 180, 182 (Miss. 1989)).  *See also* *Stanford v. Parker*,  822 So.2d at 887-88 (¶ 6). Nevertheless, the decision to set aside a default judgment is addressed to the sound discretion of the trial court. *Williams v. Kilgore*, 618 So.2d 51, 55 (Miss. 1992) (citing *Pointer v.*

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court....

6

*Huffman*, 509 So.2d 870, 875 (Miss. 1987)). This discretion must be exercised in accordance with the rules set forth in Miss. R. Civ. P. 55(c) and 60(b). ***Guar. Nat'l Ins. Co. v. Pittman***, 501 So.2d 377, 388 (Miss. 1987).

¶15. In its motion to set aside the default judgment, COS asserted that it had a colorable defense; that the complaint misidentified the cardholder; and that it was not a proper party. In support of the motion was the affidavit from the specialist discussed infra. Attached to the affidavit were several documents including the September 18, 2001 letter and an account summary that indicated that the sum of $71 had been credited to the account.

¶16. On March 10, 2003, COS's motion to set aside the default judgment was heard by the trial court. At that time, COS declined to present any testimony or additional proof in favor of its argument. Instead, COS chose to stand alone on the affidavit. Finding the defenses submitted by COS insufficient, the trial court denied the motion. The circuit court ruled that both the motion and the supporting affidavit failed to establish a meritorious and colorable defense. The trial court further held that all of these alleged deficiencies in the complaint could have been corrected had COS answered the suit.

¶17. Considering the three-prong balancing test, the trial court determined that the first prong favored the plaintiffs. The circuit court focused on the fact that COS waited thirteen days after the court entered the default judgment before making an appearance. The trial court emphasized that at that time, COS failed to attack the default judgment. Instead, COS simply filed an entry of appearance and waited until a later date to file a motion to set aside the default

7

judgment. The trial court noted that COS never responded to the proceedings until the plaintiffs sought to have the judgment enforced via the writ of garnishment.

¶18. We agree that this prong favors the plaintiffs. COS presented little explanation regarding its failure to appear. Likewise, it provided no explanation as to why there was a twenty-one day delay between the filing of the entry of appearance and the filing of the motion to set aside the default judgment. This delay is indicative of the lack of diligence by COS in this case.

¶19. The trial court likewise found the second prong to favor the plaintiffs. The most important prong is the determination of whether the defendant has a colorable defense to the merits of the claim. *Bailey*, 543 So.2d at 182; *Am. Cable Corp. v. Trilogy Comm'n, Inc.*, 754 So.2d 545, 554 (¶ 32) (Miss. Ct. App. 2000) "Here the law demands more than a mere wish and a prayer." *Rush v. North Am. Van Lines, Inc.*, 608 So.2d 1205, 1210 (Miss. 1992). In order "[t]o show a creditable defense in the present setting, a party must show facts, not conclusions, and must do so by affidavit or other sworn form of evidence." *Id.* at 1210.

¶20. The only support for the motion to set aside the default judgment is contained in the affidavit by the specialist and documents attached thereto. Because of this, the trial court could consider only the affidavit in determining whether COS had a colorable defense. COS alleged as a defense that it was not a proper party. However, the affidavit did not address this defense and all that supports this allegation is the lone, conclusory statement contained in the motion itself. Like the trial court, we note that the affidavit confirms that COS received the acceptance certificate for the credit card on April 14, 2001, and that it sent the September 18,

8

2001 letter. It does support the defense that the account was closed and that the balance was charged off. Further, it confirms that COS committed to contacting the credit reporting agencies to remove any derogatory information regarding the account; however, what the affidavit fails to do is declare or provide proof that this was ever done. The failure to have removed potential derogatory information is the primary allegation serving as the basis for the complaint and COS failed to respond to this. Accordingly, we are constrained to find that the trial court did not abuse its discretion in refusing to set aside the default judgment based on this second prong.

¶21. As to the third prong, the trial court found that the plaintiffs would be prejudiced if the judgment were set aside. Prejudice is found upon a delay in the proceedings in terms of loss of memory of witnesses and the fact that the plaintiff is without a resolution for a long period of time. *Guar. Nat'l Ins. Co. v. Pittman*, 501 So.2d at 388. In reaching this conclusion, the trial court reiterated that the plaintiffs spent almost a year attempting to correct the matter and that COS did not respond to the lawsuit until after the filing of the suggestion for writ of garnishment and issuance of the writ of garnishment.

¶22. On March 20, 2003, COS, represented by new counsel, filed a motion to alter or reconsider the denial of the motion to set aside the default judgment. This second motion was considerably more thorough and unlike the earlier one, it provided more than conclusory statements.[7] This motion raised several new arguments for setting aside the judgment of

---

[7]This motion was later supplemented based on the U.S. Supreme Court's recent decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

9

default and more developed reasoning in favor of the arguments presented in the original motion. Despite this, the trial court only reconsidered the punitive damage award. As to the law and COS's argument for setting aside the judgment, the trial court declined to alter or amend its earlier ruling based on the fact that there had been no intervening change in controlling law, no new evidence, and no need to correct an error contained in the earlier ruling.

¶23. On appeal, COS argues that our rules of civil procedure provide that affidavits alone are sufficient to support a motion to set aside a judgment and thus it was not required to present proof at the March 10, 2003 evidentiary hearing. The Court agrees that Miss. R. Civ. P. 60(b) does not require an evidentiary hearing prior to ruling on a motion to set aside a judgment. COS assumes the motion to set aside the judgment, in conjunction with the affidavit, addressed the relevant issues. However, as discussed *infra*, such is not the case. An affidavit is not a mere formality that guarantees a motion to set aside a judgment will be granted. Still necessary is that the affidavit addresses the substantive legal requirements for having a default judgment set aside. We thus find that the trial court did not abuse its discretion when considering this third prong.

¶24. For the foregoing reasons, we find that the trial court was eminently correct in refusing to set aside the default judgment entered as to liability.

## II. Failure to Hold an Evidentiary Hearing on the Issue of Damages.

¶25. COS argues that this Court has held that a trial court must conduct an on-the-record hearing regarding damages before entering a default judgment. Because no hearing regarding

10

damages was conducted, COS contends that the default judgment must be vacated. The plaintiffs make several arguments, none of which are compelling. Primarily, they contend that the damages awarded were in the nature of liquidated damages and that COS waived its right to a hearing.

¶26. An on-the-record hearing must be held prior to the entry of default judgment under which unliquidated damages are requested. *See* Miss. R. Civ. P. 55(b). ***Journey v. Long***, 585 So.2d 1268, 1272 (Miss. 1991) (default judgment reversed based on the fact that no record was made of hearing); ***Am. 3-CI v. Farrow***, 749 So.2d 298 (Miss. Ct. App. 1999). That said, the plaintiffs argue that they sought and received liquidated damages. However, in their request for assessment of damages, the plaintiffs specifically stated that they were seeking unliquidated damages.

¶27. Recently this Court discussed the general distinction between liquidated and unliquidated damages. ***Moeller v. Am. Guar. & Liab. Ins. Co.***, 812 So.2d 953 (Miss. 2002). The Court noted that liquidated damages are set or determined by contract,[8] while unliquidated damages are established by a verdict or award and cannot be determined by a fixed formula. *Id*. at 959-60. In the instant case, the damages awarded were not predetermined or contractually established. Thus, we can quickly conclude that the plaintiffs sought and received an award for unliquidated damages. Save the $71.00 balance, the plaintiffs submitted no proof

---

[8]However, one could hardly dispute the fact that a suit on an open account with a sworn itemized account and documentation would ordinarily be more than sufficient to enable the judge to ascertain the exact amount of the judgment.

11

regarding how they determined that they had suffered $63,071 in damages. The plaintiffs argue that the matter is a simple mathematical calculation; however, they fail to illustrate such. In any event, because the plaintiffs sought unliquidated damages, the trial court was required to conduct an evidentiary hearing on the record.

¶28. As for waiver, this Court disagrees with the plaintiffs. Under this Court's precedent addressing Miss. R. Civ. P. 55(b), a judgment for unliquidated damages cannot be entered until an on-the-record hearing of such has occurred. In the instant case, the only hearing that occurred was the hearing conducted after the entry of the judgment and that hearing did not address the issue of damages. Instead, this hearing addressed COS's motion to set aside the default judgment. The plaintiffs argue that because COS declined to present any witnesses or evidence, it waived any error. Many of the orders from the trial court and motions by the plaintiffs indicate that a hearing was held in January 2003 regarding damages. But it is not until the trial court's April 30, 2003 order that it is clear that no such hearing actually occurred. Thus, COS cannot be faulted for assuming that a hearing had already occurred.

¶29. As for the March 10, 2003 hearing, the notice filed in the record indicated that the hearing was to address the motion to set aside the default judgment and does not mention damages. Assuming, arguendo, that COS's decision not to present proof at this hearing is relevant, it does not obviate the requirement to hold a hearing. The hearing requirement obligates the plaintiff to present proof and for the trial court to establish damages. It is an opportunity for plaintiffs to substantiate their damage request and for the courts to ensure that

12

the awards are not unreasonable or without merit. Accordingly, the trial court was still required to consider any evidence which the plaintiffs submitted regarding damages.

¶30. Ultimately, this Court finds that it was an error not to conduct a hearing on damages. "If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Journey*, 585 So.2d at 1272. Because a default judgment is not an admission as to damages, trial courts are obligated to hold a hearing on damages. *Allstate Ins. Co. v. Green*, 794 So.2d at 176 (citing *Journey*, 585 So.2d at 1272).

¶31. In the end, for the foregoing reasons, we affirm the trial court's denial of the motion to set aside the judgment as to liability, but vacate the judgment and remand the case for an evidentiary hearing to assess damages.

## CROSS-APPEAL

### III. Jurisdiction.

¶32. The plaintiffs argue that the trial court did not have jurisdiction to consider COS's Motion to Alter or Reconsider. The plaintiffs contend that after the trial court denied the motion to set aside the default judgment, COS's only option was to file a notice of appeal. The plaintiffs maintain that when COS eventually filed a notice of appeal (following the denial of the motion to alter or reconsider) the deadline for doing so had expired. Thus, they conclude that this Court lacks jurisdiction to consider COS's appeal. We find this argument without merit.

13

¶33.   Miss. R.  Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment no later than ten days after entry of judgment.  In the instant case, judgment was entered on March 11, 2001, and the motion was filed on March 20, 2001.  Because the deadline was met, the plaintiffs' argument attacking the trial court's jurisdiction is without merit. As to this Court's jurisdiction, the time for taking an appeal in a civil case is tolled by M.R.A.P.  4(d) until the disposition of all timely specified post-trial motions. Because COS filed its notice of appeal within thirty days of the denial of the motion to alter or reconsider, this issue is without merit.

**IV.   Was It Error to Set Aside the Punitive Damage Award.**

¶34.   Because we vacate and remand based on the trial court's failure to conduct an on-the-record hearing regarding damages, we need not address this issue.

**CONCLUSION**

¶35.   For the foregoing reasons, we affirm the trial court's refusal to set aside the default judgment as to liability, but we vacate the judgment and remand this case for an evidentiary hearing on damages and the entry of a new judgment consistent with the evidence received at that hearing.

¶36.   **AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY,  GRAVES, DICKINSON  AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**

14