GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. James and Sandra Cooper filed a complaint against Woodkrest Custom Homes, Inc.; Nationwide Custom Construction, LLC; and Robert Kress, Sr., Individually (collectively, the “Defendants”). The Coopers asserted claims for breach of contract, negligent and fraudulent misrepresentation, misappropriation, and conversion of money. The Defendants failed to respond, and the Coopers moved for a default judgment. The circuit court granted the default judgment and awarded the Coopers $119,387.14 in compensatory damages, $268,161.42 in punitive damages, and $5,000 in attorney’s fees.
 

 ¶ 2. The Defendants sought to set aside the default judgment. The court denied the motion. From the order denying the motion to set aside the default judgment, the Defendants now appeal. The Defendants argue that because the service of process was improper, the default judgment should have been set aside, and that the Defendants were entitled to a hearing on damages.
 

 FACTS
 

 ¶ 3. The Coopers entered into a contract with Woodkrest for materials for the construction of the Copper’s home. Nationwide was to serve as the contractor and builder for the construction. Woodkrest, a foreign corporation, and Nationwide, a foreign limited liability company, were not qualified to do business in Mississippi but were doing business in Mississippi.
 

 ¶ 4. On March 6, 2006, the Coopers filed a complaint against the Defendants. The Coopers claim that materials were not produced, a deposit was never made to secure the price of an elevator, and the project was not adequately supervised or timely constructed. The Coopers asserted claims for breach of contract, negligent and fraudulent misrepresentation, misappropriation, and conversion of money. The complaint did not request a specific sum for damages.
 

 ¶ 5. On March 20, 2006, the Circuit Clerk of Itawamba County served a summons on the Mississippi Secretary of State. The secretary of state subsequently served Woodkrest and Nationwide “by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested.”
 
 [1]
 
 
 *343
 
 M.R.C.P. 4(c)(5). This subsection further states that service shall be deemed complete as of the date of delivery as evidenced by the return receipt or by a returned envelope marked “refused.”
 
 Id.
 
 Although Kress signed the return receipts for Woodkrest and Nationwide, he failed to enter the date of delivery. On March 31, 2006, the circuit clerk received confirmation of receipt. Kress was also served by certified mail. His wife, Teresa Kress, signed the return receipt and entered February 10, 2006, as the date of delivery. Considering that the suit was not filed until March 6, 2006, and that the circuit clerk received the confirmation of receipt on April 4, 2006, it is reasonable to conclude that this was an inadvertent clerical error, and service was actually received on March 10, 2006.
 
 [2]
 

 ¶ 6. The Defendants failed to file a timely response to the complaint.
 

 ¶ 7. On April 28, 2006, the Coopers filed an application for entry of default and supporting affidavit. The circuit clerk entered a default, dated April 28, 2006.
 

 ¶ 8. On April 28, 2006, the Coopers also filed a motion for default judgment against the Defendants. Attached to the motion was an affidavit that asked for “total damages realized ... [in] the sum of $119,387.14 [in] compensatory damages, together with $268,161.42 in punitive damages, $5,000 attorney’s fees and expenses, pre-judgment and post-judgment interest and all costs incurred herein.” The Coopers’ attorney filed a notice of hearing that set the date for “an ex parte hearing on the matter of determination of damages,” which set a hearing for May 4, 2006. The notice did not indicate whether any of the Defendants were sent a copy of the Notice.
 

 ¶ 9. On May 9, 2006, the circuit court entered a default judgment against the Defendants, which awarded the Coopers damages in the sum of $119,387.14 in compensatory damages, together with $268,161.42 in punitive damages, $5,000 in attorney’s fees and expenses, and prejudgment and post-judgment interest at the legal rate.
 

 ¶ 10. On November 29, 2006, the Defendants filed a motion to set aside the default judgment. By order dated April 10, 2007, the court denied the motion. On April 18, 2007, the Defendants filed a “motion requesting re-hearing and, in the alternative, motion requesting findings of fact and ruling of law.” On April 3, 2008, the circuit court denied the Defendants’ motion for rehearing but included several pages of findings of facts and conclusions of law.
 

 ¶ 11. On April 29, 2008, the Defendants served their notice of appeal. The supreme court deflected the case to this Court for review.
 

 STANDARD OF REVIEW
 

 ¶ 12. The standard of review for a circuit court’s denial of a motion to set aside a default judgment is an abuse of discretion.
 
 McCain v. Dauzat,
 
 791 So.2d 839, 842(¶ 5) (Miss.2001). The circuit court’s “discretion must be exercised in accordance with the provisions of Rules 55(c) and 60(b) [of the Mississippi Rules of Civil Procedure] as well as the supplementary criteria given validity in the decisions
 
 *344
 
 of this Court.”
 
 Guar. Nat’l Ins. Co. v. Pittman,
 
 501 So.2d 377, 388 (Miss.1987).
 

 ANALYSIS
 

 1. Was service proper?
 

 ¶ 13. The Defendants argue that service was improper because the proof of service for Woodkrest and Nationwide was not dated by Kress at signing and the proof of service for Kress was dated February 10, 2006, before the suit was filed on March 6, 2006. The Coopers argue that the Defendants waived any defect in service when they failed to raise the issue in the circuit court.
 

 ¶ 14. Rule 4 of the Mississippi Rules of Civil Procedure provides the appropriate methods for service of process. Rule 12 of the Mississippi Rules of Civil Procedure provides how a defendant may raise or waive certain defenses. “A court can consider the affirmative defenses of insufficiency of process and insufficiency of service of process only if they are properly raised and have not been waived.”
 
 Fletcher v. Limeco Corp.,
 
 996 So.2d 773, 776(¶ 8) (Miss.2008). Rule 12 provides when the defense of insufficiency of process should be raised or will be deemed waived:
 

 (g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
 

 (h) Waiver or Preservation of Certain Defenses.
 

 (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
 

 On appeal, this Court must determine if the Defendants waived the issue of insufficiency of service of process before the circuit court.
 

 ¶ 15. Regarding their first filing, in the motion to set aside the default judgment, the Defendants did not claim that service was improper. Indeed, the Defendants expressly admitted that “[t]he Defendants were served either under the Mississippi Long-Arm Statute or personally by certified mail.” The motion continued with the claim that: (1) Kress did not realize that he had actually been served a summons, even though he had signed for the summonses for Woodkrest and Nationwide; (2) Kress and his wife, Teresa, were “on road” from February until May so they were not aware of the suit; and (3) Kress and Teresa were engaged in ongoing conversations with the Coopers in an attempt to settle the matter and that they did not understand that the Coopers had filed suit. However, none of these arguments raise the issue of insufficiency of service of process. Again in the motion for rehearing, the Defendants did not mention insufficiency in the service of process.
 

 ¶ 16. The circuit judge correctly stated that the Defendants had not contested the sufficiency of service of process. Accordingly, we find that the circuit judge did not abuse his discretion. There is no merit to this issue.
 

 
 *345
 

 2. Should, the default be set aside?
 

 ¶ 17. The Defendants claim that the entry of default should be set aside under Mississippi Rule of Civil Procedure 55(c) for good cause and the default judgment should be set aside under Mississippi Rule of Civil Procedure 60(b)(6). The Coopers respond that this claim is time barred under Rule 60, and alternatively, that the Defendants have failed to satisfy the three prong test for relief from a default judgment.
 

 ¶ 18. The Defendants claim relief pursuant to Rule 60(b)(6) claiming that they did not know about the suit. Rule 60(b) provides, in part, that:
 

 the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
 

 (1) fraud, misrepresentation, or other misconduct of an adverse party;
 

 (2) accident or mistake;
 

 (8) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
 

 (4) the judgment is void;
 

 (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
 

 (6) any other reason justifying relief from the judgment.
 

 Although relief under Rule 60(b)(l)-(S) must be sought within six months, relief under Rule 60(b)(6) must only “be made within a reasonable time.” M.R.C.P.60(b). This claim is not time-barred; therefore, we address it on the merits. “Default judgments are not favored as a way to settle lawsuits. It is the policy of our system of judicial administration to favor disposition of cases on their merits.”
 
 Wheat v. Eakin,
 
 491 So.2d 523, 526 (Miss.1986).
 

 ¶ 19. The supreme court has “opted for a balancing-test approach to Rule 60(b) motions.”
 
 H & W Transfer & Cartage Service, Inc. v. Griffin,
 
 511 So.2d 895, 898 (Miss.1987). When considering whether to set aside a default judgment the supreme has directed that the following be considered:
 

 (1) the nature and legitimacy of defendant’s reasons for his default, i.e., whether the defendant has good cause for default, (2) whether defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside.
 

 Id.
 

 ¶ 20. The Defendants must first put forward a good cause for default. In the circuit court, the Defendants argued that they did not know they were being sued. In support of their argument, they claimed that: (1) Kress did not realize that he had actually been served a summons, even though he had signed for the summons for Woodkrest and Nationwide; (2) Kress and Teresa were “on road” from February until May; (3) Kress and Teresa were engaged in ongoing conversations with the Coopers in an attempt to settle the matter; and (4) the Coopers did not tell the Kress-es that they had filed suit. In their appeal to this Court, the Defendants restate these reasons for default.
 

 ¶21. The circuit court found that the Defendants had failed to present any evidence of good cause or even excusable neglect for the failure to take action to protect their rights. We agree. The Defendants’ only argument is that they were
 
 *346
 
 unaware of the suit. However, the facts do not support their argument. Kress signed for the summonses for Woodkrest and Nationwide, and Teresa signed for Kress’s summons. Part one of the test weighs in favor of the Coopers.
 

 ¶ 22. Next, the Defendants must show that they have a colorable defense. “In order to show a colorable defense, a party ‘must show facts, not conclusions, and must do so by affidavit or other sworn form of evidence.’ ” Greater
 
 Canton Ford Mercury, Inc. v. Lane,
 
 997 So.2d 198, 204(¶ 21) (Miss.2008) (quoting
 
 Rush v. N. Am. Van Lines, Inc.,
 
 608 So.2d 1205, 1210 (Miss.1992)). In the circuit court, the only defense the Defendants asserted is that the Coopers had failed to pay an additional $22,195.15 for the doors and windows so they did not order them. This alleged defense goes to only one of the Coopers’ claims—that materials were not produced. The Defendants admit that, although doors and windows were paid for, they were not ordered. The Defendants do not address the allegations that a deposit was never made to secure the price of an elevator and that the project was not adequately supervised or timely. The second part of the test weighs in favor of the Coopers.
 

 ¶ 23. Because the Defendants failed to present good cause for their default or a colorable defense, we do not address part three of the test—whether the Coopers would be prejudiced if the default were set aside. Hence, we find that the circuit court correctly denied the Defendants’ motion to set aside the default judgment. We find no merit to this issue.
 

 3. Are the Defendants entitled to a hearing on damages?
 

 ¶24. The Defendants’ final argument is that the circuit court erred when it awarded the Coopers unliquidated damages without a hearing on the record. The Coopers claim that the damages are primarily liquidated damages and that there was a hearing on May 4, 2006, to determine damages.
 

 ¶ 25. In
 
 Lane,
 
 997 So.2d at 206(¶ 30), the supreme court held:
 

 The assessment of damages is a finding of fact, and the appellate court reviews an award of damages under the clearly erroneous standard. This Court has stated that damage awards are only overturned when the trial judge has abused his discretion or in exceptional cases where such awards are so gross as to be contrary to right reason. The appellate court must review the damages award by looking to the “facts of each case.”
 

 (Internal quotations and citations omitted). “An on-the-record hearing must be held prior to the entry of default judgment under which unliquidated damages are requested.”
 
 Capital One Servs. v. Rawls,
 
 904 So.2d 1010, 1018(¶ 26) (Miss.2004).
 

 ¶ 26. Here, the circuit court awarded the Coopers $119,387.14 in compensatory damages, which included $30,000 for the delay in construction; $268,161.42 in punitive damages; and $5,000 in attorney’s fees. The Coopers argue that the circuit court conducted a hearing on damages. However, if there was a hearing on damages, it was not included in the record.
 

 ¶ 27. The Coopers also claim that the damages awarded were primarily liquidated damages. We disagree. Liquidated damages are those that “are set or determined by a contract when a breach occurs. Unliquidated damages are damages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.”
 
 Moeller v. Am. Guar. & Liab. Ins. Co.,
 
 812 So.2d
 
 *347
 
 953, 959(¶ 18) (Miss.2002) (internal quotations omitted).
 

 ¶ 28. After a review of the record before us, this Court is unable to reconcile mathematically the award for compensatory damages with the worksheet — “Funds due from Woodkrest Custom Homes,” which was attached to the Coopers’ motion for default judgment. Furthermore, the circuit court awarded the Coopers $30,000 in unliquidated damages and $268,161.42 in punitive damages.
 

 ¶ 29. The supreme court has recognized that:
 

 Although punitive damages are not ordinarily recoverable in cases involving breach of contract, they are recoverable where the breach results from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an independent tort. In these instances, they act to punish, and are to set an example, thereby discouraging others from similar behavior. As such, punitive damages are allowed only with caution and within narrow limits.
 

 Before punitive damages can be recovered from the defendant, the plaintiff must prove by a preponderance of the evidence that the defendant acted with (1) malice, or (2) gross negligence or reckless disregard for the rights of others.
 

 Hurst v. Sw. Miss. Legal Sens. Corp.,
 
 708 So.2d 1347, 1350(116) (Miss.1998) (internal citations and quotations omitted). The punitive damages awarded were unliquidated damages because they were not set or determined by a contract when the breach occurred. Further, there is no finding by the circuit court that the Defendants acted with malice or gross negligence or reckless disregard for the rights of others.
 

 ¶ 30. Accordingly, we vacate the default judgment insofar as the award of damages, and we remand this case based on the circuit court’s failure to conduct an on-the-record hearing regarding damages and instruct that such hearing on damages be held.
 

 ¶ 31. THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT DENYING THE MOTION TO SET ASIDE DEFAULT JUDGMENT IS AFFIRMED. THE AWARD OF DAMAGES IS VACATED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The Coopers claim that Woodkrest and Nationwide can be served pursuant to the long-arm statute with service of process on the office of the Mississippi Secretary of State. The current version of Mississippi’s long arm-statute, Mississippi Code Annotated section 13-3-57 (Rev.2002), does not provide for service upon the secretary of state for a nonresi
 
 *343
 
 dent business not qualified to do business in state. However, the Defendants did not raise this issue on appeal.
 

 [2]
 

 . On appeal, the Defendants argue that Kress was never served and that the return receipt dated February 10, 2006, was actually for a certified letter sent to Kress prior to the suit. However, there is no evidence of this other certified letter in the record.