GRIFFIS, P.J.,
for the Court:
¶ 1. This is the second time this Court has considered the appeal of the lawsuit that James and Sandra Cooper filed against Woodkrest Custom Homes Inc., Nationwide Custom Construction LLC, and Robert Kress Sr., individually (the “Defendants”). In Woodkrest Custom Homes Inc. v. Cooper, 24 So.3d 340, 347 (¶ 30) (Miss.Ct.App.2009), this Court vacated the award of damages in the default judgment and remanded the case for the circuit court to conduct an on-the-record hearing on damages.
¶ 2. On remand, the circuit court entered a judgment and awarded compensatory damages, emotional-distress and mental-anguish damages, punitive damages, and attorney’s fees. The defendants return to this Court with an appeal of that judgment. Here, the Defendants argue that the circuit court erred when it: (1) awarded damages for emotional distress and mental anguish; (2) awarded punitive damages; (3) did not consider the Defendants’ financial condition and net worth; and (4) awarded attorney’s fees based on the award of punitive damages. Having considered the circuit court’s judgment, we reverse and render in part and affirm in part as set forth below.
FACTS
¶ 3. The Coopers entered into a contract with Woodkrest for the construction of their home. Nationwide was to serve as the contractor and builder.[1]
¶ 4. The Coopers’ complaint alleged that materials were not produced, a deposit was never made to secure the price of an elevator, and the project was not adequately supervised or timely constructed. The Coopers asserted claims for breach of contract, negligent and fraudulent misrepresentation, misappropriation, and conversion of money. The complaint did not request a specific sum for damages. The complaint did not allege a claim for intentional infliction of emotional distress.
¶ 5. The Defendants were served with process and failed to respond. Upon proper request, the clerk entered a default, and the Coopers filed a motion for a default judgment. Attached to the motion was an affidavit that asked for “$119,387.14 [in] compensatory damages, together with $268,161.42 in punitive damages, $5,000 [in] attorney’s fees and expenses, pre-judgment and post-judgment interest and all costs incurred herein.”
¶ 6. The affidavit also stated, “Defendants, through their intentional misrepresentations and abandonment of this project have caused delays of at least six months in completing the project for which the Plaintiffs should be entitled to a minimum of $30,000 compensation.” The affidavit was the first mention of the request for $30,000, which evolved into a request for mental-anguish damages based on delay and misrepresentations.
¶ 7. The circuit court entered a default judgment. The judgment awarded damages in the amount of $119,387.14 in compensatory damages, together with $268,161.42 in punitive damages, $5,000 in attorney’s fees and expenses, and prejudgment and post-judgment interest at the legal rate. The judgment did not award any damages for emotional distress.
*463 ¶ 8. The Defendants filed a motion to set aside the default judgment, which the circuit court denied. Upon appeal, this Court affirmed the denial of the motion to set aside the default judgment but vacated the award of damages in the default judgment and remanded the case for the circuit court to conduct an on-the-record hearing on damages. Id. This Court ruled:
The Defendants’ final argument is that the circuit court erred when it awarded the Coopers unliquidated damages without a hearing on the record. The Coopers claim that the damages are primarily liquidated damages and that there was a hearing on May 4, 2006, to determine damages.
In [Greater Canton Ford Mercury, Inc. v. Lane, 997 So.2d 198, 206 (¶ 30) (Miss.2008) ], the supreme court held:
The assessment of damages is a finding of fact, and the appellate court reviews an award of damages under the clearly erroneous standard. This Court has stated that damage awards are only overturned when the trial judge has abused his discretion or in exceptional cases where such awards are so gross as to be contrary to right reason. The appellate court must review the damages award by looking to the “facts of each case.”
(Internal quotations and citations omitted). “An on-the-record hearing must be held prior to the entry of default judgment under which unliquidated damages are requested.” Capital One Servs. v. Rawls, 904 So.2d 1010, 1018 (¶ 26) (Miss.2004).
Here, the circuit court awarded the Coopers $119,387.14 in compensatory damages, which included $30,000 for the delay in construction; $268,161.42 in punitive damages; and $5,000 in attorney’s fees. The Coopers argue that the circuit court conducted a hearing on damages. However, if there was a hearing on damages, it was not included in the record.
The Coopers also claim that the damages awarded were primarily liquidated damages. We disagree. Liquidated damages are those that “are set or determined by a contract when a breach occurs. Unliquidated damages are damages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.” Moeller v. Am. Guar. & Liab. Ins. Co., 812 So.2d 953, 959 (¶ 18) (Miss.2002) (internal quotations omitted).
After a review of the record before us, this Court is unable to reconcile mathematically the award for compensatory damages with the worksheet^] “Funds due from Woodkrest Custom Homes,” which was attached to the Coopers’ motion for [a] default judgment. Furthermore, the circuit court awarded the Coopers $30,000 in unliquidated damages and $268,161.42 in punitive damages.
The supreme court has recognized that:
Although punitive damages are not ordinarily recoverable in cases involving breach of contract, they are recoverable where the breach results from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an independent tort. In these instances, they act to punish, and are to set an example, thereby discouraging others from similar behavior. As such, punitive damages are allowed only with caution and within narrow limits.
Before punitive damages can be recovered from the defendant, the plaintiff must prove by a preponderance of the evidence that the defendant acted with (1) malice, or (2) gross negligence *464 or reckless disregard for the rights of others.
Hurst v. Sw. Miss. Legal Servs. Corp., 708 So.2d 1347, 1350 (¶ 6) (Miss.1998) (internal citations and quotations omitted). The punitive damages awarded were unliquidated damages because they were not set or determined by a contract when the breach occurred. Further, there is no finding by the circuit court that the Defendants acted with malice or gross negligence or reckless disregard for the rights of others.
Accordingly, we vacate the default judgment insofar as the award of damages, and we remand this case based on the circuit court’s failure to conduct an on-the-record hearing regarding damages and instruct that such hearing on damages be held.
Woodkrest Custom Homes, 24 So.3d at 346-47 (¶¶ 24-30).
¶ 9. On April 13, 2010, the circuit court held a hearing on damages. On January 14, 2011, the circuit judge executed the court’s findings of fact and conclusions of law, which were filed on January 18, 2011 (the “Judgment”).[2] The court determined that the Coopers were entitled to an award of damages in the amount of: $75,977.32 for compensatory damages, $30,000 for emotional-distress and mental-anguish damages, $100,000 in punitive damages, and $29,798.86 in attorney’s fees. The Defendants have timely appealed.
STANDARD OF REVIEW
¶ 10. The standard of review for a judgment entered after a bench trial is well settled. “A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor[.]” Turner v. Terry, 799 So.2d 25, 30 (¶ 10) (Miss.2001) (citation omitted). The circuit judge’s findings will be upheld on appeal “so long as the ruling is supported by substantial, credible, and reasonable evidence.” Callahan v. Ledbetter, 992 So.2d 1220, 1230 (¶ 25) (Miss.Ct.App.2008). We review questions of law de novo. Warren v. Derivaux, 996 So.2d 729, 735 (¶ 10) (Miss.2008).
ANALYSIS
¶ 11. The Appellants’ brief raises four issues. None of the issues contest the award of compensatory damages.

1. Whether the court erred in awarding $30,000 in damages for mental anguish and emotional distress.

¶ 12. In the first issue, the Defendants appeal the following finding by the court:
Dr. and Mrs. Cooper also claim damages for mental anguish and emotional distress arising out of the actions of the Defendants. In order to be entitled to damages for mental anguish and emotional distress in the absence of physical contact or verifiable physical injury, the proof must demonstrate that the Defendant’s actions were of such a nature to *465 arise to the commission of an intentional tort. Wilson v. Gen. Motors Acceptance Corp., 883 So.2d 56, 65 [ (¶ 84) ] (Miss.2004).
¶ 13. The complaint does not assert a claim for mental anguish or emotional distress. The complaint asserts claims for breach of contract, misrepresentation, conversion, misappropriation, and for an accounting. The complaint also asks “for all money which may be due ... together with punitive damages, and attorney’s fees. Mississippi Rule of Civil Procedure 9(g) requires that “[w]hen items of special damage are claimed, they shall be specifically stated.” The claim for damages for mental anguish or emotional distress are special damages, which must be plead. They were not. However, the Defendants did not raise this matter before the circuit court, and do not raise it here. Therefore, we will not grant relief on grounds not presented to the circuit court, and such objection is waived.
¶ 14. We recognize that the default judgment has been entered. “When a judgment by default is entered, it is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as a judgment rendered after a trial on the merits.” M.R.C.P. 55 cmt. Therefore, the Coopers’ claims for breach of contract, misrepresentation, conversion, misappropriation, punitive damages, and for an accounting, which were asserted in the complaint, have been properly established.
¶ 15. “A judgment entered pursuant to [Mississippi] Rule [of Civil Procedure] 55(b) may be reviewed on appeal to the same extent as any other judgment^]” M.R.C.P. 55 cmt. In this appeal, we review the award of damages to determine if the damages awarded were proper based on the findings of fact and conclusions of law entered by the court to support the award.
¶ 16. The supreme court has held that damages for emotional distress are not recoverable in a breach-of-contract claim unless there is a finding of a separate independent intentional tort. Univ. of S. Miss. v. Williams, 891 So.2d 160, 172 (¶ 30) (Miss.2004). The court held that for emotional-distress damages in a breach-of-contract action, a plaintiff must show:
(1) that mental anguish was a foreseeable consequence of the particular breach of contract, and (2) that he or she actually suffered mental anguish. Such generalizations as “it made me feel bad[]” or “it upset me” are not sufficient. A plaintiff must show specific suffering during a specific time frame.
Id. at 173 (¶ 31).
¶ 17. Here, before construction began, the Coopers paid the Defendants the sum of $186,997.80 for the Defendants to buy materials. This included payment for windows and doors. When it was almost time for the window installations, the windows had not been delivered. Dr. Cooper questioned the Defendants about this through a fax. A couple of weeks later, Dr. Cooper called Kress and asked if the windows had been ordered. According to Dr. Cooper, Kress answered that he would check with the factory and find out when they would be delivered. Dr. Cooper called the Defendants multiple times and was led to believe that the windows had been ordered. After several months, it was apparent the windows had not been ordered. Yet, the Defendants never refunded the Coopers’ money. Kress testified that the windows were not ordered because the Coopers were constantly making changes.
¶ 18. The Coopers also paid the Defendants the sum of $13,000 as a down payment for an elevator. The Defendants were to- send the $13,000 to the manufac *466 turer to secure the elevator’s delivery. According to Dr. Cooper, the manufacturer said that it had not received the down payment. The Defendants told Dr. Cooper there must have been a mistake, and they would send the money. They never did. As a result, Dr. Cooper paid $1,250 more for the elevator because the Defendants had not secured the price as promised. The Defendants testified that their bookkeeper made a mistake and was fired. However, the Defendants never refunded the money to Dr. Cooper.
¶ 19. Further, the contract provided for an addition of fifteen percent to labor invoices. The invoices mathematically included the addition of 17.6%. The Defendants had divided by .85, instead of multiplying by .15 and then adding. Dr. Cooper confronted Kress about this mistake. Nevertheless, Dr. Cooper continued to pay the invoices with the addition of 17.6% because they could not agree what fifteen percent meant when they signed the contract.
¶ 20. The court also concluded that the Defendants exaggerated the extent of the Coopers’ requested changes. The circuit court found this exaggeration affected its determination of witness credibility. Kress testified that they had to tear up the foundation to make some of the Coopers’ requested changes. Then, Kress admitted he did not recall that any of the Coopers’ requested changes required the foundation work to be torn up and reworked. Kress testified that “these particular changes were requested apparently before the slab was poured.”
¶21. Dr. Cooper’s wife, Sandra, suffered from severe fibromyalgia. The house plans included an endless swimming pool with heat and controllable current to help reheve pain that accompanied her disease. Dr. Cooper told the Defendants about the pool’s purpose. The Coopers argue the Defendants’ misrepresentations were intentional. They argue the misrepresentations produced delay, and the delay caused distress.
¶ 22. This Court reviews the evidence that supports the circuit court’s finding to determine whether it is “supported by substantial, credible, and reasonable evidence.” Callahan v. Ledbetter, 992 So.2d 1220, 1230 (¶25) (Miss.Ct.App.2008). Damages for emotional distress or mental anguish, where there is no physical injury, can only be awarded where the “defendant’s conduct is outrageous or ‘evokes outrage or revulsion.’ ” Wilson, 883 So.2d at 65 (¶34) (citation omitted). “[T]he standard is whether the defendant’s behavior is malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.” Leaf River Forest Prods., Inc. v. Ferguson, 662 So.2d 648, 659 (Miss.1995). It appears that there is evidence to support the circuit court’s conclusion that the Defendants’ conduct was such that would support an independent tort or punitive damages.
¶ 23. Regardless, to recover damages, the Coopers must establish that they actually suffered mental anguish and emotional distress. Williams, 891 So.2d at 173 (¶ 31). Because they seek such damages in a breach-of-contract action, the Coopers “must provide more than general declarations of emotional distress” and must “show specific suffering during a specific time frame.” Id. at (¶¶ 31, 33).
¶ 24. Dr. Cooper’s testimony to support damages for mental anguish and emotional distress was limited, conclusory, and vague. There were no specific examples, specific time frames, or specific details of suffering. No witness testified about how the delay affected Dr. Cooper and Sandra. Dr. Cooper only testified that the delay “was somewhat distressing.” There was *467 no testimony on how the delay and the misrepresentations worsened Sandra’s condition. Dr. Cooper only testified that his “wife’s health was not good” and that she had “subsequent problems now.” He did not testify specifically how her health had deteriorated, what kind of subsequent problems arose, or how those problems affected her.
¶25. We find that the allegations to support an award of damages for mental anguish and emotional distress were vague and inadequate. Such generalizations are insufficient as a basis for a damages award for emotional distress and mental anguish. Id. at (¶ 31). The Coopers failed to meet the second prong of Williams. The Coopers did not show that any mental anguish and emotional distress was a foreseeable result of the Defendants’ actions or inac-tions. Id.
¶ 26. Also, there was an error of law in the circuit court’s findings of fact and conclusions of law. To award damages for mental anguish and emotional distress, the circuit court pointed to the fact that the Defendants did not set up a trust account. The circuit court then found that the Defendants should have held the money paid under the contract in trust for the Coopers. The circuit court held this failure to hold funds in trust resulted in a breach of trust and fiduciary duties. This is not a correct application of Mississippi law.
¶27. Where the relationship is contractual, such as that of a lessor/lessee, a fiduciary relationship does not arise. Pursue Energy Corp. v. Abernathy, 77 So.3d 1094, 1100 (¶ 22) (Miss.2011). Typical fiduciary relationships are “physician and patient, attorney and client, guardian and ward, and trustee and cestui que trust.” Hendricks v. James, 421 So.2d 1031, 1041 (Miss.1982).
¶ 28. The circuit court essentially held suppliers, builders, and contractors to the duties owed by doctors, lawyers, and partners. There is simply no authority to support this conclusion.
¶ 29. The Coopers and the Defendants were parties to a contract. The Coopers bargained with the Defendants to pay for the delivery of certain materials. The Defendants bargained to provide the materials according to the contract’s terms. The Defendants simply failed to perform. The Defendants breached the contract. This was not a breach of fiduciary duty because no fiduciary duty arose.
¶ 30. For these reasons, we find that an award of damages for mental anguish and emotional distress was in error. As to the award of $30,000 for such damages, we reverse and render the circuit court’s judgment.

2. Whether the court erred in granting punitive damages against the Defendants.

¶ 31. The Defendants argue that the record is devoid of any testimony or allegations of outrageous conduct or mistreatment of the Coopers by the Defendants. Therefore, the Defendants claim that any claim for punitive damages is without foundation.
¶ 32. As discussed above, we must recognize that the default judgment has been entered. ‘When a judgment by default is entered, it is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as a judgment rendered after a trial on the merits.” M.R.C.P. 55 cmt. Therefore, the Coopers’ claim for punitive damages has been properly established. However, “[a] judgment entered pursuant to Rule 55(b) may be reviewed on appeal to the same extent as any other judgment[.]” M.R.C.P. 55 cmt. Our role *468 here is to review the award of punitive damages to determine if such damages were proper based on the findings of fact and conclusions of law entered by the court to support the award.
¶ 33. The default entitled the Coopers to an award of punitive damages. The law on the review of an award of punitive damages was succinctly stated in Warren, 996 So.2d at 737-38 (¶ 25):
“The award of punitive damages, along with the amount of such, are within the discretion of the trier of fact.” Hurst v. [Sw.] Miss. Legal Servs. Corp., 708 So.2d 1347, 1350 [ (¶ 6)] (Miss.1998). This Court has “shown great deference to triers of fact that have awarded punitive damages.” Am. Income Life Ins. Co. v. Hollins, 830 So.2d 1230, 1242 [(¶ 44)] (Miss.2002) [ (overruled on other grounds) ]. Awards of punitive damages will not be disturbed absent exceptional circumstances, such as where the amount is arbitrary or unreasonable, [is] against the overwhelming weight of the evidence, or shows passion, bias, or prejudice so as to shock the conscience of the court. Id.
Accordingly, we review the circuit court’s findings of fact and conclusions of law to determine whether the ruling was supported by substantial, credible, and reasonable evidence. If the amount awarded was “arbitrary or unreasonable, against the overwhelming weight of the evidence,” we must reverse and remand the award for further consideration.
¶ 34. An award for punitive damages is proper where “the violation of a right or the actual damages sustained[] import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.” Warren, 996 So.2d at 738 (¶ 27) (quoting Bradfield v. Schwartz, 936 So.2d 931, 936 (¶ 17) (Miss.2006)).
¶ 35. The circuit court awarded $100,000 in punitive damages and relied on several factual findings. As discussed in the previous section, specifically paragraphs 17 through 22, there was sufficient evidence to support the court’s conclusion that the Defendants’ conduct would support an independent tort or punitive damages.
¶ 36. The Defendants’ conduct went beyond a mere breach of contract. There was evidence offered, without objection, from the Better Business Bureau to show that other customers of the Defendants had suffered similar problems. The Defendants’ corporations were not properly formed and compliant with the corporate laws of the States of Tennessee or Mississippi. Amounts paid for deposits and payment of materials were not sent to the manufacturers or suppliers, and instead were held by the Defendants, without notice to or approval of the Coopers. The Defendants admitted that the amounts of the deposits had not been returned and were still owed.
¶ 37. The Coopers payment of $186,997.80 for the materials package was not placed in either an escrow or a trust account. For example, the Defendants had been paid for and instructed to order the windows and doors. Yet the Defendants never ordered the windows and doors; they were never delivered, and payment was never made to the manufacturer. The Defendants failed to respond promptly to Dr. Cooper’s inquiries about the windows. The Defendants went so far as to lead Dr. Cooper to believe that the windows had been ordered, when they had not. The payment for the windows has never been refunded, even though the Defendants admit that it was owed.
¶ 38. The court viewed the actions of the Defendants as gross misconduct, *469 breach of trust, a fraudulent misrepresentation about how the funds were to be used, and a conversion of funds. We previously held the court had no basis to find a fiduciary relationship; however, the court had sufficient grounds to rule that the Defendants’ actions went beyond a simple breach of contract, and rose to the level of wilful, wanton, and malicious conduct, which constituted an intentional tort.
¶ 39. Our standard of review requires ■ that we give deference to the trier of fact. Here, the court awarded punitive damages in the amount of $100,000. Were it not for the default, this issue could have been litigated and presented to a jury to resolve. However, based on the standard of review, the evidence presented, and the findings of the circuit court, we find that the award of punitive damages must be affirmed.

3. Whether the court erred in awarding punitive damages without considering the Defendants’ financial condition and net worth.

¶ 40. The Defendants next argue that the circuit court erred when it did not consider the Defendants’ ability or inability to pay when it awarded punitive damages. Mississippi Code Annotated section 11 — 1—65(1)(e) (Supp.2012) provides the factors to consider when awarding punitive damages:
In all cases involving an award of punitive damages, the fact[-]finder, in determining the amount of punitive damages, shall consider, to the extent relevant, the following: the defendant’s financial condition and net worth; the nature and reprehensibility of the defendant’s wrongdoing, for example, the impact of the defendant’s conduct on the plaintiff, or the relationship of the defendant to the plaintiff; the defendant’s awareness of the amount of harm being caused and the defendant’s motivation in causing such harm; the duration of the defendant’s misconduct and whether the defendant attempted to conceal such misconduct; and any other circumstances shown by the evidence that bear on determining a proper amount of punitive damages. The trier of fact shall be instructed that the primary purpose of punitive damages is to punish the wrongdoer and deter similar misconduct in the future by the defendant and others[,] while the purpose of compensatory damages is to make the plaintiff whole.
(Emphasis added).
¶ 41. The Defendants argue that the Coopers’ failure to prove some net worth of the Defendants precludes an award of punitive damages. The Defendants, however, fail to recognize that proof of net worth is not required to award punitive damages. C & C Trucking Co. v. Smith, 612 So.2d 1092, 1102 (Miss.1992). There, the supreme court “reject[ed] the expressions ... that proof of net worth is prerequisite to an award of punitive damages.” Id. at 1105-06. The court expressly overruled cases that held to the contrary. Id.
¶42. The court also held that, for a defendant to mitigate potential punitive damages, it is his responsibility to present proof of his net worth and financial condition. See id. at 1105. A defendant can introduce “evidence to demonstrate that a minimal award of exemplary damages would serve the punishment and deterrence functions.” Id. at 1104. Also, a plaintiff can introduce evidence of the defendant’s net worth or financial condition “to demonstrate the need for a large award of exemplary damages.” Id. However, if either party fails to present such evidence, that failure would not invalidate a claim for exemplary damages. Id.
*470 ¶43. If neither party presented evidence of a defendant’s net worth at trial, “neither party may challenge on appeal either the inadequacy or the exces-siveness of a punitive damages award.” Id. at 1105. The Coopers simply “had no burden to establish that the [Defendants had the financial ability to pay a punitive damage award.” Id. (citation omitted). Accordingly, we find that this issue has no merit.

k. Whether the court erred in granting attorney’s fees based on the award of punitive damages.

¶44. The Defendants argue that the Coopers were not entitled to an award of attorney’s fees because punitive damages should not have been awarded. The circuit court found that in addition to punitive damages, reasonable attorney’s fees in the amount of $29,798.86 should be awarded as well, representing attorney’s fees incurred through the preparation and submission of proposed findings of fact and conclusions of law by the parties. The Coopers argue that this award is reasonable under DynaSteel Corp. v. Aztec Industries, Inc., 611 So.2d 977, 987 (Miss.1992).
¶ 45. As discussed above, the entry of default required that we treat the Cooper’s claim for attorney’s fees as “a conclusive and final adjudication of the issues necessary to justify the relief awarded [that] is given the same effect as a judgment rendered after a trial on the merits.” M.R.C.P. 55 cmt. Therefore, the Coopers’ claim for attorney’s fees has been properly established. However, “[a] judgment entered pursuant to Rule 55(b) may be reviewed on appeal to the same extent as any other judgment[.]” M.R.C.P. 55 cmt. Accordingly, we review the circuit court’s findings of fact and conclusions of law to determine whether the ruling was supported by substantial, credible, and reasonable evidence. If the amount awarded was arbitrary or unreasonable, against the overwhelming weight of the evidence, we must reverse and remand the award for further consideration.
¶ 46. The circuit court awarded attorney’s fees in the amount of $29,798.86. The standard of review for an award of attorney’s fees is abuse of discretion. Regency Nissan, Inc. v. Jenkins, 678 So.2d 95, 103 (Miss.1995). The award must be supported by credible evidence. Id. The supreme court has held:
It is well settled in this State that what constitutes a reasonable attorney’s fee rests within the sound discretion of the trial court[,] and any testimony by attorneys with respect to such fee[s] is purely advisory and not binding on the trial court. We will not reverse the trial court on the question of attorney’s fees unless there is a manifest abuse of discretion in making the allowance....
Mauck v. Columbus Hotel Co., 741 So.2d 259, 269 (¶ 32) (Miss.1999).
¶47. The reasonableness of an attorney’s fee award is determined by reference to the factors set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct. Miss. Power & Light Co. v. Cook, 832 So.2d 474, 486 (¶ 40) (Miss.2002). The supreme court has held:
These factors are sometimes referred to as the McKee factors. In addition to these factors, the Legislature gives ... guidance to courts in determining the reasonableness of attorney’s fees by instructing the court to “make the award based on the information already before it and the court’s own opinion based on experience and observation.” Miss.Code Ann. § 9-1-41 (1991).
Cook, 882 So.2d at 486-87 (¶ 40).
¶ 48. Here, there was evidence of the actual attorney’s fees incurred by the *471 Coopers. Thus, since there was a basis for the award of punitive damages, an award of attorney’s fees was proper. See Warren, 996 So.2d at 739 (¶ 32). An award of attorney’s fees, given the nature of the Defendants’ conduct, is certainly justified. Accordingly, based on the evidence presented and the circuit court’s observation, especially in light of the fact this ease has been in litigation for more than six years,. the award of attorney’s fees in the amount of $29,798.86 on a judgment for actual damages in the amount of $105,977.32 was not an abuse of discretion by the circuit court.
¶ 49. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANTS AND THE APPELLEES.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.

. Woodcrest was a foreign corporation. Nationwide was a foreign limited-liability company. Neither was qualified to do business in Mississippi. Both, however, were doing business in Mississippi.

. The record does not contain a document titled "Judgment,” as required by Mississippi Rule of Civil Procedure 58. But neither party has objected to the finality of the circuit court's findings of fact or conclusions of law as serving as the final judgment in this case. Also, neither party has raised this as an issue or asserted any prejudice. Therefore, as provided in Rule 58 and its comment, the circuit court’s findings of fact and conclusions of law, which were entered with the language "SO ORDERED AND ADJUDGED,” are determined by this Court to "have the force and finality of a judgment even if [they were] not properly titled.” M.R.C.P. 58. Additionally, the circuit court's ruling in the findings of fact and conclusions of law shall be deemed to serve as the judgment appealed from under Mississippi Rule Appellate Procedure 4(a). The parties should have submitted, and the circuit court should have required, the entry of a document titled "Judgment.”