# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2021

Lyle W. Cayce
Clerk

No. 20-60271

Cascade Capital Group, L.L.C.,

*Plaintiff—Appellee*,

*versus*

David Landrum,

*Defendant—Appellant*.

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 3:17-CV-952

Before Jolly, Stewart, and Oldham, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellee Cascade Capital Group, L.L.C. ("Cascade") brought suit against Livingston Holdings, L.L.C., Chestnut Developers, L.L.C., Michael Sharpe, and Defendant-Appellant David Landrum (collectively, "Borrowers") due to their default on a Promissory Note and subsequent Forbearance Agreement. Landrum admitted all allegations in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60271

Cascade's complaint, while the other Borrowers filed counterclaims. The district court determined that Landrum was liable for the balance on the Note and for attorney's fees and did not permit Landrum to participate at a bench trial considering the liability and counterclaims of the remaining Borrowers. Landrum now appeals the denial of his motion for a new trial and the district court's final judgment. We AFFIRM.

## I. Facts & Procedural History

In 2008, Borrowers began a project to re-develop the "Old Town" of Livingston, Mississippi. In 2011, Borrowers secured a loan from BankPlus to fund part of the project. Chestnut, who had acquired the land, provided BankPlus with a promissory note in the amount of $978,287.17, secured by a Deed of Trust. Livingston Holdings later sought help recapitalizing the project. In July 2012, it engaged the consulting services of Cascade, whose sole member is Mark Calvert.

When Borrowers faced default on their BankPlus loan, Calvert offered them a new loan, with a principal and interest total of $951,147, despite the conflict of interest posed by Calvert serving as both a lender and a financial advisor. Borrowers executed the Promissory Note, which was set to mature in March 2016. In April 2016, Borrowers executed a Forbearance Agreement, requiring a $750,000 payment in December 2016. Borrowers failed to make the December payment, placing them in default. Cascade filed a lawsuit in December 2017, seeking appointment of a receiver to take possession of Borrowers' property, and a joint and several liability judgment for the principal and interest due, as well as attorney's fees and collection costs.

All Borrowers except for Landrum filed counterclaims against Cascade. In February 2019, the court granted Cascade judgment on the pleadings as to Landrum. The same day, the court granted in part and denied in part Cascade's motion for summary judgment. The court determined that

2

No. 20-60271

Borrowers had breached their contract and that there was a genuine issue of fact as to whether Cascade had breached its fiduciary duty. There was a bench trial from September 23-25 of 2019, and on the first day, the district court judge informed Landrum's counsel that Landrum would not be permitted to participate in trial as he had admitted the allegations in the complaint and was not a party to any counterclaim. Landrum filed a motion for a new trial, which was denied. The district court, in a Rule 54(b) judgment, awarded Cascade $1,030,370 in damages from Landrum, as well as attorney's fees and costs.

## II. STANDARD OF REVIEW

A district court's denial of a motion for new trial under Federal Rule of Civil Procedure 59 is reviewed for abuse of discretion. *Lincoln v. Case*, 340 F.3d 283, 290 (5th Cir. 2003). Awards of attorney's fees are reviewed for abuse of discretion. *Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir. 2015). The reasonableness of attorney rates and hours expended are questions of fact reviewed for clear error. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

## III. DISCUSSION

### (A) Participation at Trial and Hearing for Damages

Landrum argues that he should have been permitted to participate at trial to contest damages. Landrum maintains that allegations relating to damages could not be deemed admitted and needed to be established in an evidentiary proceeding. Landrum contends that he was entitled to protect himself from inconsistent judgments among similarly situated defendants, and notes that the judgment against all the other Borrowers (who were allowed to participate at trial) was significantly lower than the judgment against Landrum.

3

No. 20-60271

This argument conflates whether Landrum should have been able to participate at the bench trial with whether he was entitled to a hearing on damages. Landrum was not a party to any claims at trial because the court had already granted Cascade judgment against him. Landrum cites to no authority indicating that a non-party has a right to participate at trial. Landrum's liability and damages were not the subject of this trial. The district court acted properly by excluding him.

Therefore, we must consider whether Landrum was entitled to his own hearing on damages. A party may be entitled to such a hearing on damages when damages are unliquidated. *Capital One Servs. v. Rawls*, 904 So.2d 1010, 1018 (Miss. 2004), *overruled on other grounds*, *BB Buggies, Inc. v. Leon*, 150 So.3d 90 (Miss. 2014). Unliquidated damages are "damages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury." *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So.2d 953, 959–60 (Miss. 2002) (internal quotation marks omitted). In contrast, liquidated damages are "set or determined by a contract when a breach occurs." *Id.* at 959. The damages in Landrum's case are clearly liquidated.

Landrum's liability for the unpaid debt on the promissory note was clearly determined by a contract. Cascade, in its complaint, stated that Landrum owed an outstanding debt pursuant to that contract, and that Landrum agreed to pay attorney's fees and costs. Landrum's answer admitted these allegations. The outstanding debt alleged by Cascade and admitted by Landrum is the same amount of liability that Landrum now disputes. As all the damages awarded by the district court were liquidated, the district court did not err by denying Landrum a hearing.

*(B) Liability for Attorney's Fees and the Balance on the Promissory Note*

4

No. 20-60271

Landrum argues on appeal that because he never contested liability before the district court, there is no justification for assigning him extensive attorney's fees. However, the district court agreed with this contention and reduced Landrum's fees accordingly. Despite opportunities to do so, Landrum refused to provide any sort of detailed dispute of Cascade's billing entries before the district court, and he declined to identify fees attributable to Cascade collecting only from the other Borrowers. The district court reviewed Cascade's billing records and found no excessive, duplicative, or inadequately documented entries. The court excluded all fees billed after Cascade filed a motion for judgment on the pleadings against Landrum, other than the fees incurred as a result of Landrum's motion for a new trial, and concluded that Landrum owed $116,576.50. Given the wide discretion district courts are afforded in determining attorney's fees, and Landrum's refusal to provide any guidance as to which fees should not be included, the district court did not err in this award.

Landrum disputes his liability for the debt and attorney's fees because his liability is greater than that of the other Borrowers. However, Landrum, unlike the others, admitted all allegations against him and did not argue that Cascade breached a fiduciary duty owed to him. The court's finding of a breach of fiduciary duty by Cascade reduced the judgment owed by the other Borrowers. Landrum points to no authority to support the proposition that inconsistent judgments are not permitted between defendants where one does not dispute liability and the other does. The district court properly determined that Landrum was liable for the balance of the promissory note and attorney's fees, both of which Landrum admitted.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's final judgment.